UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BROCK BOUDREAUX & KHALED BARAKE, Individually and On Behalf of Others Similarly Situated, ]<br>]<br>*Plaintiffs*, ]<br>]<br>v. ]<br>]<br>SCHLUMBERGER TECH CORP, ]<br>]<br>*Defendant*. ]<br>_____] | CASE NO: _____<br><br>JURY DEMANDED<br><br>COLLECTIVE ACTION<br><br>JUDGE _____<br><br>MAGISTRATE _____ |

## COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Schlumberger Tech Company failed to pay its Measurement While Drilling operators (Operators) and directional drillers (Drillers) overtime as required by the Fair Labor Standards Act (FLSA) and/or state overtime laws. Instead, Schlumberger pays Operators and Drillers a base salary and daily rate. Operator Brock Boudreaux (Boudreaux) and Driller Khaled Barake (Barake) (collectively, "Plaintiffs") bring this collective action to recover the unpaid wages and other damages owed to these workers.

### JURISDICTION & VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question. 29 U.S.C. § 216(b). The Court has original jurisdiction over any state law claims pursuant to the Class Action Fairness Act. Additionally or in the alternative, the Court has supplemental jurisdiction under 28 U.S.C. § 1367 because the state law claims arise from the same nucleus of operative facts

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the relevant events occurred in this District and Division. For example, Plaintiffs live, often work, and receive their pay, in this District and Division.

## PARTIES

4. Boudreaux is an Operator employed by Schlumberger. He is a resident of this District and Division. His written consent to this action is attached.

5. The "Operator Class" consists of all Operators employed by Schlumberger in the past 3 years. Boudreaux is a member of the Operator Class.

6. Barake is a Driller employed by Schlumberger. He is a resident of this District and Division. His written consent to this action is attached.

7. The "Driller Class" consists of all drillers employed by Schlumberger in the past 3 years. Barake is a member of the Driller Class.

8. Schlumberger may be served by serving its registered agent - National Registered Agents, Inc., 5615 Corporate Blvd., Suite 400B, Baton Rouge, La. 70808.

## FLSA COVERAGE

9. Schlumberger was and is an employer of the Operator and Driller Classes within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d). It employed, paid, supervised, and controlled, the FLSA Class.

10. Schlumberger was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. Schlumberger was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Schlumberger employs hundreds of workers who are engaged in commerce or in the

production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person. For example, Schlumberger's employees use hardhats, wrenches, drilling tools, clamps, hoses, safety harnesses, and other equipment that has moved in or was produced for commerce.

12. Schlumberger's annual gross volume of sales made or business done has exceeded $100,000,000 (exclusive of excise taxes at the retail level which are separately stated) in each of the past 3 years.

## FACTS

13. Schlumberger Tech Corp is a subsidiary of Schlumberger (NYSE:SLB). It "provides directional drilling, MWD, and LWD services for unconventional oil and gas environments with a team of more than 600 directional drillers and 700 MWD and LWD [Operators] across the globe."[1]

14. Within the last 3 years, Schlumberger has employed hundreds of Operators and Drillers in the United States of America.

15. All the Operators and Drillers are paid on the same basic pay plan.

**Boudreaux and the Operator Class**

16. Plaintiff Boudreaux is a typical member of the Operator Class. Members of the Operator Class all perform similar job duties and are paid under the identical challenged pay practice.

17. Boudreaux worked for Schlumberger as an Operator within the statutory time period.

18. His primary job duties included operating oilfield machinery, collecting/relaying data, and reporting his daily activities to his field supervisors for analysis.

---

[1] http://www.slb.com/services/drilling/drilling_services_systems/directional_drilling/pathfinder_directional_drilling.aspx

19. Boudreaux would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan.

20. The well plan was created, implemented, and regularly maintained by the well site supervisors (and not the members of the Operator Class).

21. Boudreaux's activities were routine and largely governed by standardized plans and checklists created by Schlumberger. Every element of Boudreaux's job was predetermined for him by Schlumberger and his superiors, including the tools to use at a job site, the data to compile, and schedule of work and related work duties.

22. Boudreaux is prohibited from varying his job duties outside of the predetermined parameters.

23. Boudreaux's job functions are primarily manual labor/technical in nature.

24. Boudreaux's job functions require little to no official training.

25. An advanced degree is not required to be an Operator.

26. Schlumberger hires Operators with only a high school diploma.

27. As an Operator, Boudreaux did not have any supervisory or management duties.

**Barake and the Driller Class**

28. Barake is a typical member of the Driller Class. Members of the Driller Class all perform similar job duties and are paid under the identical challenged pay practice.

29. Barake worked for Schlumberger as a driller within the statutory time period.

30. His primary job duties included operating oilfield machinery, collecting/relaying data, and reporting his daily activities to his field supervisors for analysis.

31. Barake would conduct his day to day activities within designated parameters and in accordance with a predetermined well plan.

32. The well plan was created, implemented, and regularly maintained by the well site supervisors (and not the members of the Driller Class).

33. Barake's activities were routine and largely governed by standardized plans and checklists created by Schlumberger. Every element of Barake's job was predetermined for him by Schlumberger and his superiors, including the tools to use at a job site, the data to compile, and schedule of work and related work duties.

34. Barake was prohibited from varying his job duties outside of the predetermined parameters.

35. Barake's job functions are primarily manual labor/technical in nature.

36. Barake's job functions require little to no official training.

37. An advanced degree is not required to be a Driller.

38. Schlumberger hires Drillers with only a high school diploma.

39. As a Driller, Barake did not have any supervisory or management duties.

**The Operator and Driller Classes Are Similarly Situated**

40. For the purposes of an FLSA overtime claim, Boudreaux, Barake, and the respective classes they represent, performed substantially similar job duties related to drilling in the field.

41. Boudreaux and the Operator Class, as well as Barake and the Driller Class, worked similar hours and were both denied overtime as a result of the same illegal pay practice.

42. All these workers were regularly scheduled to work 84 hours per workweek, but often worked more.

43. Instead of paying them overtime, Schlumberger pays its Operators and Drillers a base salary plus a day rate.

44. Schlumberger did not pay any members of the Operator Class overtime for any and all hours worked in excess of 40 in a single work week.

45. Schlumberger did not pay any members of the Driller Class overtime for any and all hours worked in excess of 40 in a single work week.

46. As the controlling law makes clear, the manual labor/technical duties performed by Plaintiffs (and those similarly situated to them) are *non*-exempt work. Therefore, Schlumberger owes back overtime wages to hundreds of their Operators and Drillers, all of whom work long hours each workweek.

### FLSA VIOLATIONS

47. Schlumberger violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing Operators and Drillers in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating such employees for their employment in excess of 40 hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

48. Schlumberger knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay overtime to Operators and Drillers. Schlumberger's failure to pay overtime to these workers was neither reasonable, nor was the decision not to pay overtime made in good faith. Accordingly, Plaintiffs and all those who are similarly situated are entitled to overtime in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### CALIFORNIA LABOR CODE OVERTIME VIOLATIONS

49. Schlumgerger treated members of the Operator and Driller Classes employed in California as exempt from California's labor laws, including its overtime laws. Schlumberger suffered

or permitted these workers to work more than 8 and/or 12 hour in a day and/or 40 hours in a week in California, without paying them overtime as required by the California Labor Code.

50. By failing to pay overtime to as required by the California Labor Code, Schlumberger violated the California Labor Code and the provisions of the applicable I.W.C. Wage Order, which require overtime compensation to non-exempt employees.

51. As a result of Schlumberger's unlawful acts, these workers, including but not limited to Barake, have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover unpaid overtime, plus interest thereon, attorneys' fees, and costs, under California Labor Code § 1194.

### FAILURE TO PROVIDE MEAL & REST BREAKS

52. Schlumberger employed Operators and Drillers in California for work periods of more than 5 hours per day. Schlumberger has an affirmative obligation to ensure these employees were actually relieved of all duty in order to take uninterrupted 30 minute meal periods in the first five hours of work each day. Schlumberger was obligated to provide rest breaks as well.

53. Schlumberger nonetheless regularly violated its obligation to provide meal and rest periods.

54. As a result, workers in California – including Barake, members of the Operator Class, and members of the Driller Class - were not provided the legally required meal and rest periods. All these workers are entitled to be paid one hour of pay for each day they were not provided with the required meal and/or rest periods.

**VIOLATIONS OF CALIFORNIA UCL**

55. California Business & Professions Code § 17200, known as the Unfair Competition Law (UCL), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

56. Section 17204 permits "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

57. For at least four years preceding the filing of the original complaint in this matter, Schlumberger engaged in unlawful, unfair, and/or fraudulent business acts and practices as defined by § 17200 by engaging in the acts alleged in this Complaint. For example and not by way of limitation, Schlumberger failed to pay overtime compensation for all hours worked in excess of 8 and 12 hours a day, and/or 40 hours in a week, for work performed in California. This failure to pay overtime violated both federal and California state law.

58. The violations of law, including the FLSA and the California Labor Code, described herein serve as predicate acts and practices for the purposes of UCL § 17200.

59. As a direct and proximate result of the unlawful, unfair, and/or fraudulent acts and practices described herein, Schlumberger received and continues to hold ill-gotten gains belonging to Barake and other employees in the Driller and Operator Classes. Schlumberger profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of the unpaid overtime compensation and accrued interest owed to the workers.

60. Barake and other similar employees are entitled to restitution pursuant to UCL §§ 17203 and 17208 for all unpaid overtime compensation and interest since four years from the filing of this action.

61. Barake is entitled to enforce all applicable penalty provisions of the California Labor Code pursuant to UCL § 17202.

62. Success in this action will enforce important rights affecting the public interest. So Barake sues on behalf of the public as well as on behalf of himself and others similarly situated. Barake seeks and is entitled to the unpaid compensation, declaratory, and any other appropriate remedy.

63. Injunctive relief is necessary and appropriate to prevent Schlumberger from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

64. In order to prevent Schlumberger from profiting and benefiting from its wrongful and illegal acts and continuing those acts, an order requiring Schlumberger to disgorge all the profits and gains it has reaped and restore such profits and gains to its workers, from whom they were unlawfully taken.

65. Barake has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action that is in the public interest. Therefore, attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

66. Schlumberger's acts described herein constitute unlawful business acts and practices in violation of the UCL, entitling Barake and the California Class to recover their back wages, interest and costs.

### COLLECTIVE ACTION ALLEGATIONS

67. In addition to Plaintiffs, other employees have been subjected to Schlumberger's policy of paying a salary plus day rate, with no overtime pay for hours worked in excess of 40 in a workweek.

68. Other members of the Operator Class have been paid in the same manner as Boudreaux.

69. Other members of the Driller Class have been paid in the same manner as Barake.

70. Schlumberger failed to pay all these workers for overtime hours worked in the manner required by the FLSA.

71. It is common knowledge that Schlumberger pays its Operators on a salary plus day rate basis.

72. It is common knowledge that Schlumberger pays its Driller on a salary plus day rate basis.

73. Plaintiffs are aware that Schlumberger's pay practice has been imposed on members of the Operator and Driller Classes.

74. All potential members of the Operator and Driller Classes were paid on a salary plus day rate basis, regularly worked in excess of 40 hours per week, and were not paid overtime. These employees are victims of Schlumberger's unlawful compensation practices and are similarly situated to Plaintiffs in terms of relevant job duties, pay provisions, and employment practices.

75. Schlumberger's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies and practices that are not dependent on the personal circumstances of the Plaintiffs or the classes they represent. Thus, Plaintiffs' experiences are typical of the experiences of the Operator and Driller Classes.

76. The specific job titles or precise job locations of the various class members do not prevent collective treatment. All of the Operator and Driller class members are entitled to be properly compensated for all hours worked in excess of 40 hours per week. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

### JURY DEMAND

77. Plaintiffs demand a trial by jury.

## RELIEF SOUGHT

78. WHEREFORE, Plaintiffs pray for the following relief against Schlumberger:

   a) An order certifying this case as a collective action;

   b) An order finding Schlumberger liable for unpaid back wages due to Plaintiff and those similarly situated and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

   c) An order awarding Plaintiffs (and those who have joined in the suit) the costs of this action;

   d) An order awarding Plaintiffs and those similarly situated their attorneys' fees;

   e) Judgment awarding Plaintiffs and those similarly situated unpaid benefits, compensation, attorney's fees, expenses, and costs, in connection with the FLSA violations;

   f) Judgment awarding Plaintiffs and those similarly situated employed in California unpaid benefits, compensation, penalties, attorney's fees, expenses, and costs, in connection with the California law violations;

   g) An order and judgment awarding Plaintiffs and those similarly situated pre- and post-judgment interest at the highest rates allowed by law;

   h) An order and judgment granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

           **/s/ Kenneth W. DeJean**
By: _____

Kenneth W. DeJean
Louisiana Bar Roll No. 4817
**LAW OFFICES OF KENNETH W. DEJEAN**
417 W. University Avenue
P.O. Box 4325
Lafayette, La. 70502
337-235-5294 – Telephone
337-235-1095 – Facsimile

Michael A. Josephson
Texas Bar No. 24014780
mjosephson@fibichlaw.com
Andrew Dunlap
Texas Bar No. 24078444
adunlap@fibichlaw.com
Lindsay R. Itkin
Texas Bar No. 24068647
litkin@fibichlaw.com
**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON, L.L.P.**
1150 Bissonnet
Houston, Texas 77005
713-751-0025 – Telephone
713-751-0030 – Facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
rburch@brucknerburch.com
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile

**ATTORNEYS IN CHARGE FOR PLAINTIFF**