RECEIVED
SEP - 1 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BROCK BOUDREAUX, ET AL. | CIV. ACT. NO. 14-2267 |
| -vs- | JUDGE DRELL |
| SCHLUMBERGER TECH CORP. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING AND ORDER

The above-captioned suit was conditionally certified as a collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") by order of U.S. Magistrate Judge C. Michael Hill, issued February 25, 2015. (Doc. 52). Plaintiffs were previously divided into two (2) classes: 133 directional drillers ("DDs") and 168 measurement while drilling operators ("MWDs"). (doc. 52). Following a telephone status conference on May 27, 2016, Magistrate Judge Carol Whitehurst, now assigned to this matter, issued an order directing defendant Schlumberger Tech Corp. ("STC") to limit its proposed discovery regarding class decertification to "30 percent of a random sampling of the opt-in directional drillers…and 30 percent of a random sampling of the opt-in drilling operators, with individualized discovery requests." (Doc. 184). STC appeals the Magistrate Judge's order, claiming clear error. (Doc. 185).

STC asserts that limiting discovery in the manner directed by the Magistrate Judge's May 27th order constitutes clear error because, in requiring STC to direct individualized discovery to a random sample of opt-in class members, STC may be deprived of the opportunity to prepare certain defenses to class certification. STC discloses that it anticipates filing a motion to decertify class in this case and argues that, under the Federal Rules of Civil Procedure, it must be permitted to engage in meaningful discovery so that it may fairly litigate its defenses. (Docs. 185, 187). STC

1

argues further that the limitation of discovery to a random sample violates its due process rights and the general tenor of the Federal Rules of Civil Procedure and, therefore, constitutes clear error and must be vacated.

We review the appeal filed by STC under the "clearly erroneous or contrary to law" standard found in Fed. R. Civ. P. 72(a). STC points out that there are various differences among opt-in plaintiffs, resulting in a variety of sub-classes or categories, such as:

- 7 different groupings/kinds of DDs;
- 9 different groupings/kinds of MWDs;
- Highly compensated plaintiffs vs. non-highly compensated plaintiffs;
- 4 man crews (standard crew) vs. 3 man crews (reduced crew);
- Various different geographic assignments;
- DDs and MWDs are assigned to different geologic formations;
- Onshore vs. offshore;
- MWD equipment (i.e., plaintiffs trained on Pathfinder equipment vs. plaintiffs trained on D&M equipment);
- MWD tool competency;
- Training certifications; and
- Bonus eligibility based on grade and client contract.

STC asserts that, given these known differences among opt-in plaintiffs, it must be permitted to hand-pick a sample of plaintiffs from which to collect discovery, else it may not be assured an adequate representation of the various differences among putative class members. (Doc. 185 at pp. 5-6). Thus, the crux of the STC's appeal is the randomness of the representative discovery.

Plaintiff responds in support of the Magistrate Judge's order, arguing that, given STC's stance that all putative class members are, in fact, exempt from overtime pay under the FLSA and that STC is already aware of the differences in job descriptions among the class members, it

2

suffers no prejudice via random sampling, particularly in light of the Magistrate Judge's instruction that STC may seek additional discovery, if justified. (Doc. 183 at p. 1).

Our review of the applicable law and jurisprudence reveals that Magistrate Judge Whitehurst's order limiting discovery comports with both the Federal Rules of Civil Procedure and traditional notions of due process. At this stage of litigation, the court is concerned, not with STC's merits-based defenses, but with its right to reasonably defend against class certification. It is important to distinguish this case, a purported FLSA collective action, from a class action under Fed. R. Civ. P. 23. Understanding that the ultimate issue – whether or not the opt-in plaintiffs were exempt from overtime pay within the meaning of the FLSA – sometimes bears upon class certification discovery, we have carefully examined the arguments of the parties. Manual for Complex Litigation, Fourth Edition (2004), § 21.141.

Representative discovery is an accepted practice, particularly in FLSA collective actions. Cranney v. Carriage Services, Inc., 2008 WL 2457912 (D. Nev. 6/16/2008). We assume, given that no argument was made to the contrary, that the proposed size of the random sample of class members is sufficient to be statistically relevant to the total number of potential class members. With that important factor being satisfied, the court finds no impediment to STC's due process rights, particularly as relates to STC's impending motion for class decertification. Smith v. Lowe's Home Centers, Inc., 236 F.R.D. 354, 357-58 (S.D. Ohio 5/5/2006). Finally, as pointed out by Plaintiff, STC is specifically permitted to seek additional discovery under Magistrate Judge Whitehurst's order, if necessary. (See Doc. 183 at p. 1).

Regarding the issue of random sampling, STC simply has not met its burden of proof in this appeal. Despite STC's protestations, Magistrate Judge Whitehurst's order was issued and is now subject to review for clear error by the court. Fed. R. Civ. P. 72. STC, as the appellant, is

required to demonstrate, therefore, that random sampling will cause the representative discovery to be statistically insignificant such that STC's due process rights as to its statutory defenses will be threatened. Nelson v. American Standard, Inc., 2009 WL 4730166 (E.D. Tex. 12/4/2009). STC posits this, but offers no proof, numerical, statistical or otherwise. Accordingly, the court finds no basis upon which to rule that random sampling would prejudice STC in the preparation of its defenses as to class decertification.

Given these findings, the undersigned is satisfied that the order of the Magistrate Judge comports with applicable law and jurisprudence. It is, therefore, **ORDERED** that STC's appeal is **DENIED** and **DISMISSED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 31st day of August, 2016.

_____
DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

4