RECEIVED
JUL - 9 2018
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES FEDERAL COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BROCK BOUDREAUX, ET AL.**  CIV. ACT. NO. 14-2267

-VS-  JUDGE DRELL

**SCHLUMBERGER TECH CORP.**  MAG. JUDGE PEREZ-MONTES

## RULING ON APPEAL

The above-captioned suit was conditionally certified as a collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") by order of U.S. Magistrate Judge C. Michael Hill, issued February 25, 2015. (Doc. 52). Plaintiffs were previously divided into two (2) classes: 133 directional drillers ("DDs") and 168 measurement while drilling operators ("MWDs"). (Doc. 52). Following a telephone conference and review of submissions by the parties on March 14, 2018, Magistrate Judge Carol Whitehurst, issued a discovery order directing Defendant Schlumberger Technology Corp. ("STC") to select its 15 deponents first, to be followed by the selection of random deponents. (Doc. 229). STC appeals the Magistrate Judge's order, claiming abuse of discretion. (Doc. 230).

STC asserts that the Magistrate Judge's failure to provide any oral or written reasons in support of her decision regarding the March 14, 2018 order constitutes an abuse of discretion. STC further asserts that given the random selection process chosen by the Magistrate Judge, it forces STC primarily to rely upon representative discovery.[1] Hence they claim the Magistrate Judge is

---

[1] Doc. 230 at pp. 5-6.

1

violating its due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.[2]

We review the appeal filed by STC under the "clearly erroneous or contrary to law" standard found in Fed. R. Civ. P. 72(a). Pursuant to Rule 72(a), in reviewing a Magistrate Judge's order on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." See 28 U.S.C. § 636(b)(1)(A); See Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); McAllister v. U. S., 348 U.S. 19 (1954).

Plaintiff responds in support of the Magistrate Judge's order, arguing that, STC previously agreed to the selection process prior to the order and is simply employing tactics to further delay the case. (Doc. 232-2 at pp.2). Plaintiff's stance is that STC is already aware of the differences in job descriptions among the class members. Therefore, in no way would suffer prejudice for the ordered process of random sampling. Additionally, Plaintiff has requested an award for attorney fees pursuant to STC's lack of compliance with Fed. R. Civ. P. 26(g).

STC has not met its burden of proof in this appeal, as to both arguments presented. STC, as the appellant, is required to demonstrate that the Magistrate's failure to provide any oral or written reasons in support of her decision regarding the March 14, 2018 order constituted clear

---

[2] Id.

2

legal error.³ Yet, STC has given the court no evidence for which we might develop a "definite and firm conviction that a mistake has been committed" by the Magistrate Judge.⁴

Our review of the applicable law and jurisprudence reveals that Magistrate Judge Whitehurst's order directing STC to select its 15 deponents first, to be followed by the selection of the random deponents, comports with the Federal Rules of Civil Procedure and traditional notions of due process. The appeal before us again raises the issue of whether limiting STC's discovery is an impediment to the exercise of its due process and/or a deprivation of the opportunity to prepare certain defenses. As we previously observed in the court's 2016 ruling, representative discovery is an accepted practice, particularly in FLSA collective actions. Cranney v. Carriage Services, Inc., 2008 WL 2457912 (D. Nev. 6/16/2008). There is no general due process violation here.

The appellant, STC, is required to demonstrate, therefore, that the ordered selection procedure will cause their representative discovery to be statistically insignificant such that STC's due process rights will be threatened. Nelson v. American Standard, Inc., 2009 WL 4730166 (E.D. Tex. 12/4/2009). STC postulates this, but has not offered proof, statistical or numerical, as to the likelihood of statistical insignificance as a result of the ordered selection procedure. The court recognizes the limitation placed upon STC's discovery to a degree. However, the methodology ordered by the Magistrate Judge was so ordered with purpose and merit and is sustainable.

---

³ "A magistrate's order for nondispositive matters may only be reconsidered where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." Castillo v. Frank, 70 F. 3d 382, 385-86 (5th Cir. 1995); See 28 U.S.C.A. § 636(b)(1)(A); Fred. Rules. Civ. Proc. Rule 72(a); See also Fruge v. Ulterra Drilling Technologies, L.P., 883 F. Supp. 2d 692 (W.D. La. 2012).

⁴ Defendant has cited Wiwa v. Royal Dutch Petroleum Co., 392 F.3d 812, 818 (5th Cir. 2004) to support their argument that a Magistrate Judge must provide written or oral reasons for a decision. However, this case is distinguishable in that it states "we and other courts have held that a district court's denial of such a motion [subpoena], unaccompanied by reasons-either written or oral- may constitute an abuse of discretion." There is no mention as to this requirement being applicable to a Magistrate Judge's duties.

Given these findings, the undersigned is satisfied that the order of the Magistrate Judge comports with applicable law and jurisprudence. It is, therefore **ORDERED** that STC's appeal is **DENIED** and **DISMISSED. IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney's Fees (Doc. 232 at pp. 7-8) is **DENIED.** However, the court cautions that further unwarranted delay by STC may well result in the imposition of sanctions, including attorney fees and costs.

**THUS DONE AND SIGNED** this 9th day of July, 2018 at Alexandria, Louisiana.

**DEE D. DRELL, JUDGE**
**UNITED STATES DISTRICT COURT**