# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **BROCK BOUDREAUX, ET AL.** | **CIVIL ACTION NO. 14-2267** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **SCHLUMBERGER TECH CORP.** | **MAG. JUDGE WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Pending before the undersigned magistrate judge is the "Motion For Notice of Adjudicative Facts Pursuant to FRE Rule 201," filed by the plaintiffs, employees of defendant Schlumberger Tech. Corp. ("Schlumberger") [Doc. 356]. The motion is opposed by Schlumberger [Doc. 395], and the plaintiffs filed a reply brief [Doc. 401]. For the following reasons, the motion is DENIED.

In this matter, the plaintiffs allege that they were not paid overtime wages as required by the Fair Labor Standards Act ("FLSA"). In their answer, Schlumberger denies these allegations and contends it made reasonable, good-faith efforts to comply with the FLSA, that it acted with reasonable grounds in believing its actions were not in violation of the FLSA, and that any inadvertent violation was not willful. In their motion, the plaintiffs argue that there are several pending discovery motions that target Schlumberger's defenses to the plaintiffs' claims -- and in particular, its defense of good faith -- and the plaintiffs seek an order of this Court taking judicial notice of prior statements made by Sclumberger in other FLSA cases with respect to

the issue of classification of workers, as well as judicial notice of a prior sanction order against Schlumberger and its counsel, Robert Lombardi, filed in a case in the District Court of North Dakota.

In the instant motion, the plaintiffs argue that in invoking the defense of good faith, Schlumberger is implicitly pleading that it had no notice of contrary authority or knowledge of any circumstances that would require inquiry into the issue of classification under the FLSA. Plaintiffs argue that Schlumberger has repeatedly represented in other litigation that it was not aware of any findings suggesting that the MWD operators should be classified as non-exempt. In their motion, the plaintiffs request that this Court take judicial notice of these statements made by Schlumberger in other FLSA proceedings. The plaintiffs also ask this Court to specifically take judicial notice of pleadings filed in litigation in the District Court of North Dakota, where the plaintiffs argue that Schlumberger and Lombardi were sanctioned by the court for discovery abuses for failure to produce documents.

In response, Schlumberger argues that the plaintiffs are asking this Court to "put matters prominently in a public record" without providing context and, more specifically, that the matters that are the subject of the plaintiffs' motion are not tied to any pending motion or other request before this Court and that, effectively, this Court's taking judicial notice of such matters would constitute an advisory opinion.

The undersigned agrees, and for the additional following reasons, the motion is DENIED.

Rule 201 of the Federal Rules of Evidence allows a court to take judicial notice of adjudicative facts, as follows:

> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> **(1)** is generally known within the trial court's territorial jurisdiction; or
> **(2)** can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> **(c) Taking Notice.** The court:
>
> **(1)** may take judicial notice on its own; or
> **(2)** must take judicial notice if a party requests it and the court is supplied with the necessary information.
>
> **(d) Timing.** The court may take judicial notice at any stage of the proceeding.

Fed.R.Evid. 201(b)-(d). On appeal, a district court's refusal to take judicial notice is reviewed for an abuse of discretion. *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).

As an initial matter, the plaintiffs are asking this Court to take judicial notice of statements made by Schlumberger in other FLSA matters -- i.e., that Schlumberger did not know or suspect that the WMDs were misclassified for wage purposes -- that are *consistent* with arguments and statements Schlumberger has made in this matter. Furthermore, the plaintiffs have not identified any specific motion pending before this Court to which the statements at issue would be relevant

for its adjudication.  Thus, the undersigned finds no relevance between *consistent* statements made in other cases and the statements made in this case, particularly as there is no motion that has been identified with which the statements are connected.  In short, no context has been provided, and therefore, it would be inappropriate for the Court to take judicial notice of these statements and/or arguments at this time.

Additionally, the plaintiffs ask this Court to take judicial notice of a Report and Recommendation, and an Order adopting that Report, filed in a matter in the District Court of North Dakota.  The plaintiffs argue that in that R&R and Order, sanctions were imposed against Schlumberger and its counsel for certain discovery abuses.  However, the plaintiffs acknowledge in their motion that the Order adopting the R&R was vacated, which, in effect, erases the sanctions that were imposed.  Given that the sanctions order was vacated, and no longer has any efficacy in that case, it is unclear to the undersigned why this Court would take judicial notice of such an order in *this* case.  Indeed, the relevance of that Order to this case has not been established, and furthermore, all discovery motions in this matter have been ruled upon or are pending appeal before the district judge.  Thus, the *fact* that Schlumberger was sanctioned in another case is disputed, as it were, because the sanction was vacated; indeed, the sanction is no longer an undisputed fact under FRE 201.  In summary, the undersigned is unable to conclude that the sanctions order in

that other federal matter has any bearing on this case or that this Court should take notice of that order for any purpose in this matter.

Considering the foregoing, the undersigned concludes that the plaintiffs' request that this Court take judicial notice of certain facts – which facts have not been established to be relevant in this matter, or which have been vacated in another matter – is not well-founded. Consequently, the plaintiffs' "Motion For Notice of Adjudicative Facts Pursuant to FRE Rule 201" [Doc. 356] is DENIED.

Signed at Lafayette, Louisiana on the 17th day of September, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE