UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BROCK P BOUDREAUX ET AL** | **CASE NO. 6:14-CV-02267** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **SCHLUMBERGER TECHNOLOGY CORP** | **MAGISTRATE JUDGE WHITEHURST** |

MEMORANDUM RULING

The present matters before the Court are two motions for partial summary judgment filed in this Fair Labor Standards Act ("FLSA") collective action: (1) Plaintiffs' Motion for Partial Summary Judgment Regarding Schlumberger's Affirmative Defenses [Doc. 343],[1] and (2) Plaintiffs' Motion for Partial Summary Judgment Regarding Schlumberger's Executive Exemption Affirmative Defense [Doc. 368]. For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment on Schlumberger's Affirmative Defenses [Doc. 343], and **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for Partial Summary Judgment on Schlumberger's Executive Exemption Affirmative Defense [Doc. 368].

## I.
### BACKGROUND

This case was brought as a proposed collective action under the FLSA and alleges that Defendant Schlumberger Technology Corporation ("Schlumberger") failed to pay its Measurement While Drilling ("MWD") operators and Directional Drillers ("DD") overtime as required by the FLSA.[2] Instead, Plaintiffs allege that Schlumberger paid its MWDs and DDs on

---

[1] This motion addresses 22 affirmative defenses: estoppel, misrepresentation, unclean hands, laches, failure to exhaust administrative remedies, internal complaint procedures, election of remedies, professional exemption, outside sales exemption, failure to mitigate, setoff, credit, waiver, ratification, acquiescence, consent, unjust enrichment, comparative fault, payment, accord and satisfaction, justification and res judicata.
[2] Complaint at ¶¶ 17-48 [Doc. 1].

salary plus a "day-rate."[3] The Court ultimately granted Plaintiffs' Motion for Conditional Certification, and defined two classes that would be conditionally certified: the "MWD Class" which includes all MWDs employed by Schlumberger during the past three years, and the "DD Class" which includes all DDs employed by Schlumberger during the past three years.[4] Schlumberger filed an answer to the complaint asserting a wide array of affirmative defenses.[5] The present motions for partial summary judgment challenge a number of those asserted affirmative defenses.

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010). As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

---

[3] *Id.* at ¶ 1.
[4] Memorandum Ruling [Doc. 52].
[5] *See* Doc. 10 and Doc. 29.

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Services, Inc.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party). "Credibility determinations are not part of the summary judgment analysis." *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catrett*, 477 U.S. 317, 322 (1986)).

### III.
### MOTION ON AFFIRMATIVE DEFENSES

**A. Withdrawn Defenses**

Schlumberger states that it is withdrawing fourteen (14) of the twenty-two (22) affirmative defenses challenged by Plaintiffs' Motion for Partial Summary Judgment: estoppel, misrepresentation, unclean hands, laches, administrative remedies, internal complaint procedures, election of remedies, professional exemption, outside sales exemption, failure to mitigate, comparative fault, justification, unjust enrichment, and acquiescence.[6] Because Schlumberger is

---

[6] Schlumberger's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses at 6 [Doc. 371].

3

no longer relying on these affirmative defenses, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment [Doc. 343] with respect to these defenses.

### B. Res Judicata, Payment, Accord, Satisfaction, and Release Defenses

Plaintiffs next challenge Schlumberger's res judicata, payment, accord, satisfaction, and release affirmative defenses on the grounds that Schlumberger has not produced any evidence and discovery that would support these defenses. These defenses arise out of the settlement of an FLSA collective action filed by Andrew Fritchman in the Western District of Pennsylvania, *Fritchman v. Schlumberger Tech. Corp.*, No. 2:16-cv-01752 (W.D. Pa. filed Nov. 22, 2016). A final judgment and order granting a motion for final approval of a class action settlement was entered in that matter on November 15, 2018.[7] According to Schlumberger, the class action settlement in *Fritchman* released any and all claims including claims under the FLSA.[8] Schlumberger argues that six of the opt-in Plaintiffs in the present case were also members of the *Fritchman* class settlement and submitted claim forms in that action.[9] Schlumberger contends that its affirmative defenses of res judicata, payment, accord, satisfaction, and release bar these six opt-in plaintiffs from recovering in the present case.

Plaintiffs respond that they will dismiss the six opt-in plaintiffs who are members of the *Fritchman* class: Ronnell Freeman, Edward Jacques, Jr., Matthew Jewell, Sarah West, David Mason, Eric Matz, and Thomas Meeks-Teal.[10] The Court subsequently entered an order dismissing these plaintiffs with prejudice.[11] In light of the dismissal of these defendants, the Court agrees with Plaintiffs that Schlumberger has not demonstrated any grounds to assert these affirmative defenses

---

[7] *See* Judgment and Order Granting Motion for Final Approval of Class Settlement, Attorney Fees and Costs, No. 16-01752 [Doc. 76].
[8] Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses at 4 [Doc. 371],
[9] *Id.* at 5.
[10] Plaintiffs' Reply in Support of Motion for Partial Summary Judgment on Affirmative Defenses at 4 [Doc. 388].
[11] August 9, 2019 Order Granting Joint Motion to Dismiss the Claims of Certain Plaintiffs [Doc. 455].

4

against any other plaintiff. Accordingly, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment [Doc. 343] with respect to the affirmative defenses of res judicata, payment, accord, satisfaction, and release.

### C. Waiver, Consent, and Ratification

Plaintiffs next assert that Schlumberger has put forth no evidence to support its affirmative defenses of waiver, consent, and ratification. Schlumberger bases these defenses on severance agreements signed by twenty-three (23) of the opt-in plaintiffs. As Plaintiffs correctly argue--and it appears Schlumberger agrees--a plaintiff's substantive FLSA claim cannot be waived. *See Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("FLSA rights cannot be abridged by contract or otherwise waived.").[12] Schlumberger, however, contends that plaintiffs may waive their right to proceed in a *collective* action; in other words, plaintiffs may waive their *procedural* rights.[13] Schlumberger further contends that it is not seeking to bar Plaintiffs from asserting their FLSA claims individually as opposed to asserting these claims through a collective action.

The Court agrees with Plaintiffs that Schlumberger cannot assert an affirmative defense of waiver, ratification, acquiescence, and consent based on the collective action waivers in the severance agreements signed by certain opt-in plaintiffs. *See, e.g., Barrentine*, 450 U.S. at 740. To the extent that Schlumberger is seeking to preclude these twenty-three opt-in plaintiffs from asserting their claims in this collective action, Schlumberger may file an appropriate motion to enforce this procedural waiver and allow the Court to rule on the merits of that motion. With respect to these affirmative defenses, however, the Court agrees that they are directed at Plaintiffs'

---

[12] Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment on Affirmative Defenses at 5 [Doc. 343-3].
[13] Schlumberger's opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses at 14 [Doc. 371].

5

substantive claims and are barred. The Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment [Doc. 343] with respect to the affirmative defenses of waiver, ratification, acquiescence, and consent. The Court grants this motion without prejudice to Schlumberger's right to seek relief with respect to its claim that certain plaintiffs waived their procedural right to assert their substantive FLSA claims in a collective action.

### D. Setoff and Credit Defenses

Plaintiffs next contend that the affirmative defenses of credit and setoff are not available under the FLSA. Schlumberger bases these defenses on bonuses received by these MWD members of the class prior to December 2016.[14] Schlumberger explains that prior to December 2016 MWDs were classified as exempt and were paid on a salary and bonus basis.[15] Under this compensation plan, MWDs "received a fixed bi-weekly salary plus a day rate bonus for all days in which they worked in the field, regardless of how many hours the employee worked."[16] MWDs were also eligible to receive other bonuses, including "standby" bonuses, "remote operations crew" bonuses, "reduced crew incentive" bonuses, and "key technology" bonuses.[17] The "eligibility requirements and daily bonus amounts for these additional bonuses varied and was based on the employee's pay grade and the services that were run in the field."[18] Schlumberger contends that this compensation plan was designed "for salaried-exempt employees who were not eligible to receive overtime pay."[19] Accordingly, Schlumberger argues that it is entitled to a setoff or credit for bonuses paid to MWD members of the class who are considered non-exempt on the grounds that they were not

---

[14] Schlumberger's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses at 7-8 [Doc. 371].
[15] Declaration of Osaretin Ojeiduma, Exh. 2 to Schlumberger's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses [Doc. 371-2].
[16] *Id.* at ¶ 4.
[17] *Id.* at ¶ 5.
[18] *Id.*
[19] *Id.*

6

entitled to receive these bonus payments.[20] Plaintiffs respond that a setoff or credit for these bonus payments is not permitted under the FLSA.

As a general rule, "'[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions....'" *Singer v. City of Waco, Texas*, 324 F. 3d 813, 828 n.9 (5th Cir. 2003) (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974)). In *Singer*, however, the Fifth Circuit recognized an exception to this general rule where "the money being setoff can be considered wages that the employer prepaid the plaintiff-employee." *Martin v. PepsiAmericas, Inc*, 628 F.3d 738, 742 (5th Cir. 2010) (citing *Singer*, 324 F.3d at 826). In *Singer*, the plaintiffs were firefighters who sued their employer, the City of Waco, claiming that they were not paid overtime compensation as required by the FLSA. There, the plaintiffs worked in cycles of 120 hours over the first fourteen-day work period, 120 hours over the next fourteen-day work period, and 96 hours over a third fourteen-day work period. *Singer*, 324 F.3d at 828. Even though the actual hours worked during these three periods differed, the plaintiffs were paid the same salary every two-week period. *Id.* As a result, the plaintiffs were overcompensated for the number of hours that they worked during the third fourteen-day work period when they only worked 96 hours. *Id.* They were *undercompensated* considering the number of hours worked over the two fourteen-day work periods when they worked 120 hours. *Id.* The court acknowledged the general prohibition against setoffs in FLSA cases as well as the inapplicability of an "unjust enrichment" claim. *Id.* at 827. The court, however, characterized the overpayments during the third (96 hour) work period as "pre-payments" of the city's overtime obligations. *Id.* at 828. In *Martin*, 628 F.3d at 742, the Fifth Circuit clarified that *Singer* was a "narrow exception to the

---

[20] Schlumberger's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses at 7-8 [Doc. 371].

bright-line rule" that setoffs are impermissible under the FLSA, and that the *Singer* exception was grounded on the "unique character of the setoffs" at issue in that case. *Id.* According to the *Martin* court, the *Singer* exception is limited to cases where the offset involves amounts that "can be considered wages that the employer pre-paid to the plaintiff-employee." *Id.*

The MWD bonuses at issue here do not fall within the narrow exception outlined in *Singer* and *Martin*. These bonuses are not "wages" that Schlumberger used to "pre-pay" its overtime obligations to the MWD plaintiffs. Rather, these bonuses were based on such factors as seniority and the nature of the work performed on a particular job.[21] Thus, unlike wages, those bonuses were not automatically applicable in every case where an MWD worked a job: "MWD employees were...***eligible*** to receive additional bonuses...."[22] Courts addressing bonuses under similar circumstances have declined to apply the *Singer* exception. *See, e.g., Crews v. Elite Coil Tubing Sols., LLC*, No. 6:13-cv-00020, 2013 WL 6252697, at * 1-2 (S.D. Tex. Nov. 26, 2013) (day bonus payments were not an attempt to "offset unpaid overtime with prepaid wages," and therefore did not trigger the *Singer* exception).

Schlumberger argues that the Fifth Circuit, in *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 (5th Cir. 2010), recognized *two* exceptions to the general prohibition of offsets in FLSA actions: "those paid in advance to the employee *and* those paid *inappropriately* to the employee."[23] Schlumberger argues that the MWD bonuses may be offset under *Gagnon's* "two prong" exception because, if the MWD plaintiffs had been properly classified as non-exempt, they would not be eligible for the bonuses. Accordingly, the bonuses were "inappropriately" paid and could be used to offset overtime wages regardless of whether they can be characterized as pre-paid wages. This

---

[21] Ojeiduma Declaration at ¶ 5 [Doc. 371-2].
[22] *Id.*
[23] Schlumberger's Opposition to Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses at 7 [Doc. 371] (emphasis added).

8

argument fails for two reasons. First, the argument misreads *Gagnon*. In *Gagnon*, the defendant sought to offset per diem payments. 607 F. 3d at 1043. The court ruled that these per diem payments *did not* fall within the *Singer* exception for pre-paid overtime obligations. *Id.* In distinguishing *Singer*, the court explained that the defendant "did not pay Gagnon any additional sums that could be characterized as *advanced or inappropriate* amounts subject to an offset against the overtime owed to him." *Id.* There, the court was using the term "advanced or inappropriate" to describe *Singer's* exception for *pre-paid wages*, not to broaden the *Singer* exception or carve out a new exception akin to the unjust enrichment theory rejected in *Singer*. Second, the argument ignores *Martin*, 628 F.3d at 742. *Martin* clarified *Singer* and *Gagnon* to the extent that any exception to the general prohibition of setoffs or credits is limited to one narrow exception involving pre-paid wages, not a broader exception involving any amounts that could be characterized as paid "inappropriately." 628 F.3d at 742. The Court therefore **GRANTS** Plaintiffs' Motion for Partial Summary Judgment [Doc. 343] with respect to Schlumberger's setoff and credit affirmative defenses.

## IV.
### MOTION ON THE EXECUTIVE EXEMPTION

The Court next addresses Plaintiffs' Motion for Partial Summary Judgment on Schlumberger's Executive Exemption Defense [Doc. 368]. The "executive exemption" to the FLSA's overtime requirements pertains to "any employee employed in a 'bona fide executive capacity.'" 29 U.S.C. § 213(a). The Code of Federal Regulations states that:

> The term "employee employed in a bona fide executive capacity" in Section 13(a) of the act shall mean any employee,
>
> (1) compensated on a salary basis at a rate of not less than $455 per week..., exclusive of board, lodging, or other facilities;

9

(2) whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) who customarily and regularly directs the work of two or more employees; and

(4) who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100(a). Plaintiffs contend that Schlumberger cannot establish each of the required elements of the executive exemption for members of the MWD and DD classes in this case. Schlumberger responds that its executive exemption defense cannot be decided as a matter of law on summary judgment for all 288 opt-in plaintiffs. According to Schlumberger, some members of the class served as "lead" MWDs and "lead" DDs and that these lead employees satisfy the requirements for the executive exemption.[24]

### A. Schlumberger's Burden on Summary Judgment

As a threshold matter, the parties dispute Schlumberger's burden on summary judgment. The executive exemption defense is an affirmative defense "on which the employer has the burden of proof." *Corning Glassworks v. Brennan*, 417 U.S. 188 (1974). Plaintiffs argue that Schlumberger must demonstrate a genuine question of material fact with respect to *each* of the 288 opt-in plaintiffs. In other words, Schlumberger cannot discharge its summary judgment burden by pointing to one or two members of a class of employees -- such as a single MWD or DD -- and argue that there is a genuine question of material fact with respect to the entire class of similarly situated employees. Instead, Plaintiffs argue, Schlumberger must demonstrate the applicability of the exemption on a plaintiff-by-plaintiff basis and, if it fails to do so, Plaintiffs are

---

[24] Schlumberger's Opposition to Motion for Partial Summary Judgment on Executive Exemption at 9-13 [Doc. 413].

entitled to summary judgment on the exemption.[25] Schlumberger, on the other hand, argues that Plaintiffs have misstated its summary judgment burden. According to Schlumberger, Plaintiffs are moving for summary judgment on a *class wide* basis and, therefore, its summary judgment burden is satisfied if it can show that the exemption "applied to just one class member, or even if there was just a dispute of fact as to one class member."[26]

Plaintiffs correctly state Schlumberger's burden of proof *at trial* but misstate Schlumberger's burden with respect to this motion. A summary judgment movant who does not bear the burden of persuasion at trial can satisfy its initial burden on the motion by pointing to the non-movant's lack of evidence to support an essential element of its claim or defense. *Celotex Corp. v. Catlett*, 477 U.S. 317, 325 (1986). A movant may also satisfy its initial burden by producing evidence that negates an essential element of the non-movant's claim or defense. *Id.*; *Lopez v. City of Dallas, Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little v. Liquid Air Corp.*, 939 F.2d 1293, 1299 (5th Cir. 1991)). Plaintiffs rely on both options to carry their initial burden, but they do so only with respect to a *class* of employees. For example, in addressing the requirement for the exemption that an employee "customarily and regularly direct the work of two of more other employees," Plaintiffs' motion addresses this requirement with respect to MWDs and DDs in general.[27] Plaintiffs do not, however, address this element with respect to each of the individual opt-in plaintiffs or lead plaintiffs who fall within these classes of employees. Unless Plaintiffs negate an essential element of the exemption with respect to specific plaintiffs or point to the lack of evidence supporting an essential element of the

---

[25] Reply in Support of Plaintiffs' Motion for Partial Summary Judgment on the Executive Exemption at 1-2 [Doc. 426].
[26] Schlumberger's Sur-Reply at 5-6 [Doc. 427-2]. Schlumberger requested leave to file its sur-reply in response to arguments it contends were raised for the first time in Plaintiffs' reply brief. In a separate order, the Court grants that motion to file a sur-reply.
[27] Plaintiffs' Motion for Partial Summary Judgment on the Executive Exemption at 5-7 [Doc. 368].

exemption with respect to specific employees, Schlumberger can satisfy its summary judgment burden by demonstrating a genuine question of material fact with respect to that class of employees. That showing could consist of evidence that some members of a class of employees may satisfy the essential elements of the exemption. The Court, accordingly, will now address each of the elements required for the executive exemption under the FLSA.

### B. Compensation Greater Than $455 Per Week

Plaintiffs' motion does not address the $455 per week salary requirement of the executive exemption. Schlumberger, accordingly, does not bear the burden showing a genuine question of material fact with respect to this essential element of the exemption. Nevertheless, Schlumberger identified at least four plaintiffs that it contends satisfy the salary requirement.[28] Plaintiffs then, for the first time, argue in their reply brief that one employee, Hani Anklis, "like all DDs and MWDs," was not paid on a salary basis.[29] Given that this argument was not raised in the Motion for Summary Judgment -- and, considering the evidence cited in Schlumberger's Memorandum in Opposition to the Motion for Summary Judgment -- the Court concludes that Plaintiffs are not entitled to summary judgment on this essential element of the executive exemption.

### C. Is a Cell or Crew a "Recognized Department or Subdivision" of Schlumberger?

The executive exemption applies to an employee who manages "a customarily recognized department or subdivision" of the enterprise. 29 C.F.R. § 541.100(a). Plaintiffs argue that Schlumberger's directional drilling units cannot "be said to have continuity necessary to constitute

---

[28] Schlumberger's Opposition to Motion for Partial Summary Judgment on the Executive Exemption at 6 [Doc. 413].
[29] Plaintiffs' Reply in Support of Motion for Partial Summary Judgment on the Executive Exemption at 4-7 [Doc. 426].

12

a 'a customarily recognized department or subdivision.'"[30] Plaintiffs also argue that "lead" DDs and "lead" MWDs can change from project to project.[31]

The requirement that the employee managed a "customarily recognized department or subdivision" is intended to distinguish between a "collection of employees assigned from time to time to a specific job or series of projects and a unit with permanent status and function." 29 C.F.R. § 541.103(a). "A customarily recognized department or subdivision must have a permanent status and a continuing function." *Id.* However, it "may move from place to place and the subordinate personnel may change, as long as the 'unit' has a continuing function." *Villegas v. Dependable Const. Servs., Inc.*, No. 4:07-cv-2165, 2008 WL 5137321 (S.D. Tex. Dec. 8, 2008). A qualifying department or subdivision "need not be physically within the employer's establishment." 29 C.F.R. § 541.103.

Applying these principles here, Schlumberger has satisfied its burden with respect to this requirement of the executive exemption with respect to the DD and MWD classes of employees. Schlumberger contends that DDs and MWDs operate as part of a "cell or crew" that is a recognized unit within the company and that "performs the same kind of functions at the well site and frequently remains stable in composition...and follows the same customer's rig from site to site for months or even years."[32] Schlumberger cites deposition testimony that the composition of a cell or crew may vary but always includes DDs and MWDs and varies from four to eight persons.[33] Schlumberger also points to deposition testimony showing that it attempts to "keep the same crew (the same actual individuals) working with the same client on the same rigs whenever possible

---

[30] Plaintiffs' Motion for Partial Summary Judgment on the Executive Exemption at 8 [Doc.368-2].
[31] *Id.*
[32] Schlumberger's Opposition to Motion for Partial Summary Judgment on the Executive Exemption at 9-10 [Doc. 413].
[33] *Id.*; Deposition of Evan Monckton, Exhibit 5 to Schlumberger's Opposition at 32-35, 29-30 [Doc. 413-6].

13

because 'continuity' is in the best interest of the clients and [Schlumberger]."[34] Schlumberger also cites cases where courts have found that similar types of field units satisfied this element of the executive exemption. For example, in *Carranza v. Red River Oilfield Svcs., LLC*, No. 15-3631, 2017 WL 387196 (S.D. Tex. 2017), the defendant employer provided inspection services to the oil and gas industry by organizing its employees into independent field crews and the company considered these crews to be a "permanent unit" of the company. The court concluded that these field units satisfied the "recognized department or subdivision" requirement of the executive exemption. 2017 WL 387196 at *3. Similarly, in *Allen v. Coil Tubing Servs., LLC*, 846 F.Supp. 2d 678, 706-10 (S.D. Tex. 2012), *aff'd*, 755 F.3d 279 (5th Cir. 2014), the defendant employer "consistently and continuously relied on its field service units to perform customer projects which, by definition...were rendered outside the company's own facilities...." The court concluded that these field units satisfied the "customarily recognized department or subdivision" requirement for the executive exemption. *Id.*

Here, Schlumberger points to evidence that drilling units were recognized operating units with some continuity and stability as far as personnel and structure. Considering the summary judgment record and the relevant authorities, Schlumberger has satisfied its summary judgment burden of showing a genuine question of material fact with respect to the "customarily recognized department or subdivision" requirement for the executive exemption.

### D. Was the Primary Duty of Lead MWDs and Lead DDs the Management of a Recognized Department or Subdivision?

To invoke the executive exemption, Schlumberger must establish that a plaintiff's "primary duty is management" of the drilling crew or cell. Schlumberger points to evidence that a cell or

---

[34] Deposition of Evan Monckton, Exhibit 5 to Schlumberger's Opposition to Motion for Partial Summary Judgment on Executive Exemption at 169 [Doc. 413-6].

14

crew includes four to eight members (for offshore operations) or four to six members for land operations, and that these crews include both MWDs or DDs.[35] The senior DD serves as the "lead" DD.[36] Schlumberger's summary judgment evidence indicates that the lead DD "has control over the entire crew" and "monitors the work of the other team members."[37] With respect to lead MWDs, Schlumberger points to job summaries showing that they are responsible "for the management, training and development of second engineers at [the] well site."[38] This evidence satisfies Schlumberger's summary judgment burden with respect to those plaintiffs whose "primary duty" was to serve as a lead MWD or lead DD. This is a factual determination that will have to be made on a plaintiff-by-plaintiff basis and is inappropriate for summary judgment.

### E. Did Lead MWDs and Lead DDs Supervise Two or More Employees?

Schlumberger must also establish that lead MWDs and lead DDs supervised two or more Schlumberger employees. 29 C.F.R. § 541.100(a). Schlumberger satisfies this burden with respect to *lead DDs*. Schlumberger points to summary judgment evidence showing that lead DDs managed an entire crew or cell consisting of anywhere from four to eight members. This satisfies the two-employee threshold. Schlumberger, however, does not satisfy this requirement with respect to MWDs, *whether lead MWD or not*. The summary judgment record appears to show that MWDs supervise other MWDs but omits any evidence showing that a cell or crew typically or customarily includes two or more subordinate MWDs. Accordingly, Schlumberger has not created a genuine question of material fact as to whether lead MWDs "customarily and regularly

---

[35] Schlumberger's Opposition to Motion for Partial Summary Judgment on the Executive Exemption at 10-11 [Doc. 413].
[36] *Id.* Citing the Deposition of Evan Monckton, Exhibit 5 to Schlumberger's Opposition to the Motion for Partial Summary Judgment on the Executive Exemption at 164 [Doc. 413].
[37] *Id.*
[38] *Id.* at 11. (Citing Exhibit D to the Declaration of Uzma Babar [Doc. 47].

15

direct the work of two or more other employees." 29 C.F.R. § 541.100(a). Plaintiffs are therefore entitled to summary judgment to the extent that the executive exemption does not apply as a matter of law to plaintiffs who fall within the MWD class of employees, whether lead MWD or not.

### F. Role with Respect to Terminations, Advances and Other Personnel Decisions

The final essential element of the executive exemption requires proof that the employee had "authority to hire or fire other employees or who suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a). In this regard, Schlumberger points to summary judgment evidence that lead DDs and lead MWDs have "the responsibility to mentor and provide feedback on the performance of those working on [the] crew under them."[39] According to Schlumberger, feedback from a lead DD or MWD can include recommendations to remove a member of the crew or cell, and that these recommendations are given significant weight.[40] This evidence is sufficient to create a genuine question of material fact with respect to this requirement of the executive exemption.

### G. Disposition of Motion

Considering all of the elements of executive exemption as a whole, Plaintiffs are entitled to partial summary judgment on Schlumberger's executive exemption with respect to those plaintiffs who fall within the MWD employee class. They are entitled to summary judgment because Schlumberger has not pointed to summary judgment evidence that creates a genuine question of fact as to whether these employees customarily and regularly directed the work of two

---

[39] Schlumberger's Opposition to Motion for Partial Summary Judgment on Executive Exemption at 12 (citing Deposition of Evan Monckton at 84 [Doc. 413-6]).
[40] *Id.* (Citing Deposition of Evan Monckton at 83-85 [Doc. 413-6]).

or more employees. Plaintiffs, however, are not entitled to summary judgment with respect to employees who fall outside the MWD class of employees.[41]

## V.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion for Partial Summary Judgment on Affirmative Defenses [Doc. 343]. The Court further **GRANTS** Plaintiffs' Motion for Partial Summary Judgment Regarding Schlumberger's Executive Exemption Affirmative Defense [Doc. 368] **IN PART** and **DENIES** the motion **IN PART**. The Court will issue an order reflecting this ruling.

**THUS DONE** and signed in Lafayette, Louisiana on this \_\_30th\_\_ day of January, 2020.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[41] Plaintiffs are not entitled to summary judgment on the DD class. A DD that never served (or only occasionally served) as a "lead" DD would likely not qualify for the exemption. This determination, however, presents genuine questions of material fact inappropriate for summary judgment on a class-wide basis.