# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **BROCK BOUDREAUX, ET AL..** | **CIVIL ACTION NO. 14-2267** |
| **VERSUS** | **JUDGE SUMMERHAYS** |
| **SCHLUMBERGER TECH CORP.** | **MAGISTRATE JUDGE WHITEHURST** |

## MINUTES, RULING AND ORDER

On January 5, 2021, the undersigned conducted a telephone status conference from 3:00 p.m. to 3:30 p.m.[1] to discuss the pending Motion for Protective Order [Doc. 511] filed by Schlumberger Technology Corp. ("STC") and the effect of that motion on the discovery and dispositive motion deadlines in this case. Participating in the conference were Michael Josephson and Kenneth Dejean for the plaintiffs and Robert Lombardi and Bryan Bowdler for STC.

Plaintiffs seek to depose five witnesses concerning their knowledge of information related to STC's FLSA reviews, including knowledge of the underlying facts supporting classification reviews conducted by STC's compensation department. In its motion, STC seeks to prevent the depositions of Eeksha Kohli, Na Woo Kim, and Ricardo Carossino and to quash the subpoenas issued to James Hanley and Renee Koch. STC also seeks to prevent the depositions of Hanley and

---

[1] Statistical time: 30 mins.

Koch. STC argues that the information sought to be discovered by plaintiffs is protected by the attorney-client privilege, because the individual who coordinated the compensation reviews in question was an attorney.

In *Upjohn Company v. United States*, 449 U.S. 383, 395-96, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981), the Supreme Court made clear that "[t]he attorney-client privilege does not protect against discovery of underlying facts from their source merely because those facts have been communicated to an attorney." Indeed, the Fifth Circuit's writ of mandamus in this matter shielded from discovery only "attorney-client communications" and ultimate determinations made pursuant to the advice of counsel. *See In re Schlumberger Technology Corp.*, 818 Fed. Appx 304, 307 (5th Cir. 2020).

Here, STC has claimed it was not relying on the advice of counsel to support its good faith defense. *See* Ex. 8 at Interrogatory Nos. 3, 5-6; Ex. 9 at Interrogatory Nos. 11-13. Instead, STC swore under penalty of perjury that the primary basis for STC's claim that it acted in good faith related to work performed by its compensation department. *Id.* Specifically, STC claimed it acted in good faith based on: (1) STC's belief the directional drillers were exempt which "is/was based on compensation reviews conducted by the compliance department in 2004 and a follow up in 2008 after the enactment of new regulations;" (2) the fact that "personnel in STC's compliance department periodically receive training in the [FLSA]…have access to

the Department of Labor website which contains regulations and other material that they may consult…[and] "also has access to Society for Human Resource managers materials;" (3) the fact "the compensation department annually undertakes a compensation review;" and (4) the fact "[c]hanges in the industry or complaints or changes in duty would be reviewed by the Compensation Department for determination if additional action was necessary." Ex. 8 at Interrogatory Nos. 3, 5-6. STC has not amended or supplemented its responses to the foregoing discovery requests.

The plaintiffs are entitled to test the merits of STC's good faith and exemption defenses. Thus, in light of the foregoing, and after hearing the arguments of all counsel, the undersigned concluded that STC did not meet its heavy burden of showing extraordinary circumstances exist meriting quashing the depositions at issue. *See Salter v. Upjohn Co.,* 593 F.2d 649, 650-51 (5th Cir. 1979). The undersigned concluded that the depositions should be allowed to go forward, with counsel for plaintiffs cautioned that they will have to carefully tailor their questions so as not to ask questions that might divulge privileged information. Individual objections to specific questions should be made at the time of the deposition. Considering the foregoing, the Motion for Protective Order [Doc. 511] was DENIED, with these cautions in place. With respect to the subpoenaed documents, to the extent that STC has specific objections to specific document requests, STC is

ordered to produce a privilege log identifying which documents are protected by the privilege.

It was FURTHER ORDERED that the parties shall file a proposed joint amended scheduling order within 10 days of the date of this ruling.

Signed at Lafayette, Louisiana on the 7th day of January, 2021.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE