UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BROCK BOUDREAUX, *et al.*, | Case No: 6:14-cv-02267-RRS-CBW |
| v. | District Judge Summerhays |
| SCHLUMBERGER TECH CORP. | Magistrate Judge Whitehurst |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO SCHLUMBERGER'S EXEMPTION DEFENSES

**1.    INTRODUCTION**

Schlumberger admits paying its Directional Drillers (DDs) both an alleged salary and a "day rate." ECF No. 41 at PageID # 391; Van Vliet[1] Depo at 132-33; Carrossino[2] Depo at 48-49. And although DDs regularly work as many as 84-hours in a workweek, Schlumberger does not pay them overtime. Hoping to excuse this failure, Schlumberger says DDs are exempt employees paid on a "salary basis" under the FLSA.

But to meet the FLSA's "salary basis" test for exemption, Schlumberger must prove there is a "a reasonable relationship between the guaranteed salary and the amount [the DDs] actually earned" when the amounts Schlumberger paid "on an hourly, daily, or shift basis" are included. *See, e.g.,* Opinion Letter Fair Labor Standards Act (FLSA), 2005 WL 3308591, at *1 (citing 29 C.F.R. § 541.604(b)). A ratio of 1.5-to-1 is considered "reasonable" under the law.

Schlumberger failed to pay at least 128 of the 135 DDs a "salary" bearing a "reasonable relationship" to the amount they actually earned. On average, these individuals' actual earnings exceeded their alleged "salary" by a ratio of over **4-to-1, nearly 3 times the lawful limit**. Accordingly,

---

[1] Francois Van Vliet was Schlumberger's Corporate Representative under FRCP 30(b)(6).
[2] Ricardo Carrossino was Schlumberger's Vice-President, Drilling Group, Western Hemisphere.

Schlumberger fails the salary basis test with respect to at least 128 of the DDs in this case, entitling them to summary judgment on Schlumberger's exemption defenses.

**2. SUMMARY JUDGMENT STANDARD**

A court shall grant summary judgment when a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). *See also Perkins v. Bank of America*, 602 F. App'x 178, 180 (5th Cir. 2015) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Summary judgment is appropriate if a non-moving party cannot "designate 'specific facts showing that there is a genuine issue for trial.'" *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014) (quoting *Celotex Corp v. Cattrett*, 477 U.S. 317, 323 (1986)). To establish that there is no dispute to any material fact, and thereby prevail on summary judgment, a moving party must initially "identify[] those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.*; Fed. R. Civ. P. 56(c)(1)(A) & (B). Ultimately, a non-moving party bears the burden to "go beyond the pleadings and identify specific proof in the record and articulate the precise manner in which that proof supports his claim." *Moore v. City of Austin*, No. A-15-CV_165-LY, 2016 WL 4146199, at *3 (W.D. Tex. Aug. 2, 2016) (citing *Wheeler v. B.L. Dev. Corp.*, 415 F.3d 399, 401-01 (5th Cir. 2005)).

Where, as here, "the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (citation omitted) (internal quotation marks omitted). The movant "must demonstrate the absence of a genuine issue of material fact," but does not have to "*negate* the elements of the nonmovant's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (emphasis in original) (internal quotation marks omitted). If the non-moving party cannot provide some evidence to support its claim, summary judgment is appropriate. *Id.*

3. **ARGUMENT AND AUTHORITIES**

    A. **Employers Must Prove Any Exemptions as Affirmative Defenses.**

    Schlumberger claims DDs are exempt under the FLSA's Administrative (29 C.F.R. § 541.200), Executive (29 C.F.R. § 541.100), and/or Combination Exemptions[3], or the Highly Compensated Employee Test (29 C.F.R. § 541.601). *See* ECF No. 29. Exemptions are affirmative defenses, and the employer bears the burden of proving that an employee is exempt from overtime payments. 29 U.S.C. § 213(a); *Miller v. Travis Cty., Texas*, 953 F.3d 817, 820 (5th Cir. 2020) ("The employer bears the burden of proving [an] exemption by a preponderance of the evidence.").

    B. **Schlumberger's Exemptions Fail Because It Did Not Pay on A Salary Basis.**

    All of Schlumberger's claimed exemptions require it to prove: (1) its DDs performed specific, exempt duties; **and** (2) that it paid DDs on a "salary" or "fee" basis. *See* 29 C.F.R. § 541.100(a)(1) (executive exemption); § 541.200(a)(1) (administrative exemption); § 541.601(b)(1) (HCE test).

    Exempt status is defeated where an employer's compensation scheme evidences a "pervasive manipulation of payments that makes a 'sham' of what purports to be a salary," including where the employee's pay fluctuates "on a cyclical basis, in direct correlation with the number of hours worked." *In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1188-89 (10th Cir. 2005) (citing *Thomas v. County of Fairfax*, 758 F.Supp. 353, 357 (E.D. Va. 1991). Where timecards, payroll stubs, and check listings show an employee's wages vary based on the number of [days] he worked, the salary basis test is not met. *See Bongat v. Fairview Nursing Care Ctr., Inc.*, 341 F.Supp.2d 181, 185 (E.D.N.Y. 2004).

---

[3] The combination exemption is not a stand-alone exemption. It addresses the situation that exists when an employee does not meet the primary-duty requirement of any individual exemption. In such cases, an employee may nonetheless be exempt from the FLSA's minimum-wage requirements pursuant to the combination exemption, which permits considering different exempt duties together for purposes of meeting the primary-duty test. Thus, an employee performing duties that fall under more than one individual exemption, none of which separately represents her primary duty, may be exempt under the combination exemption if those duties, when combined, constitute her primary duty. *IntraComm, Inc. v. Bajaj*, 492 F.3d 285, 294 (4th Cir. 2007).

Schlumberger never paid DDs on a "salary basis." Instead, the lion's share of the DDs' pay came from the day rates Schlumberger paid, not the relatively modest salary. This pay plan fails the "reasonable relationship" test of 29 C.F.R. § 541.604(b). Schlumberger's exemption defenses therefore fail as a matter of law (and any analysis of whether DDs performed exempt job duties is unnecessary).

### C. Schlumberger Must Demonstrate It Meets All the FLSA Salary Requirements.

The FLSA's "Salary Requirements" are set forth in Subpart G of the 541 regulations. 69 Fed. Reg. 22269-22272. The regulations in the "Salary Requirements" Subpart establish:

1. the amount of salary required (541.600);
2. the amounts required under the HCE test (541.601);
3. the "salary basis" test's "general rule" (541.602);
4. the impact of deductions (541.603);
5. the impact of pay in addition to a base salary (541.604);
6. the "fee" basis (541.605); and
7. what counts towards salary pay (541.606).

These are the FLSA's applicable "Salary Requirements."

### D. The FLSA Requires a Minimum Salary Amount.

The FLSA requires a minimum salary amount for exemption. During the relevant period, the FLSA's required a salary of at least $455 per week. 29 C.F.R. § 541.600(a). But payment of a minimum salary **amount** only satisfies the minimum **amount** required to qualify as paid "on a salary basis." 69 Fed. Reg. 22269-22272. It does not establish whether the employee was in fact paid "on a salary basis" or on the basis of the "hours, days, or shifts" that they worked. 29 C.F.R. § 541.602 & § 541.604(b).

### E. The Salary Basis Test Is Not Satisfied by a Token Salary.

The FLSA's general "salary basis" rule requires an amount calculated on a weekly (or less frequent basis) that is guaranteed to be paid regardless of days, hours, or worked performed. 29 C.F.R.

4

§ 541.602(a) (emphasis added). An employee is generally considered to be paid on a "salary basis" if he receives "a predetermined amount constituting all or part of the employee's compensation," and the amount "is not subject to reduction because of variations in quality or quantity of work performed." *Id* (emphasis added). The guaranteed amount must be paid in full for "any week in which the employee performs any work without regard to the number of days or hours worked."). *Id.* (emphasis added). Furthermore, "[a]n employee is not paid on a salary basis if deductions from the employee's predetermined compensation are made for absences occasioned by the employer or by the operating requirements of the business. If the employee is ready, willing and able to work, deductions may not be made for time when work is not available." *Id.*

As discussed more fully below, the alleged salary cannot be a mere token. Otherwise, "an employer could establish a pay system that calculated exempt employees' pay based directly upon the number of [days] they work multiplied by a set [daily] rate of pay; employees could routinely receive weekly pay of $1,500 or more and yet be guaranteed only the minimum required $455 (thus effectively allowing the employer to dock the employees for partial day absences). Such a pay system would be inconsistent with the salary basis concept and the salary guarantee would be nothing more than an illusion." R*indfleisch v. Gentiva Health Servs., Inc.*, 962 F. Supp. 2d 1310, 1322 (N.D. Ga. 2013) (quoting and citing *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 FR 22122-01, at *22184). Thus, the FLSA requires that where an employee's pay is calculated on an "hourly, daily, or shift" basis, the alleged salary must bear a "reasonable relationship" to the pay usually earned for the normally scheduled workweek. 29 C.F.R. § 541.604(b).[4]

---

[4] Further, the regulations distinguish between payment on a "salary basis" versus a "day rate" basis. Compare 29 C.F.R. §§ 541.602(a) and 778.112 with 29 C.F.R. § 541.604(b).

### F. Payment of a Salary "Plus Extras" Invokes 29 C.F.R. § 541.604.

While section 541.602 is the "general rule" for payment to qualify as a "salary," § 541.604(a) *and* 604(b) explain how this general rule applies in the rare circumstance—applicable here—where an employee is paid a base salary "plus extras." *See Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039, 1042–43 (8th Cir. 2020). Sections 541.604(a) and 604(b) are similar in that they **only** apply "if the employment arrangement **also** includes **a guarantee of at least the minimum weekly-required amount paid on a salary basis.**" 29 C.F.R. §§ 541.604(a); 604(b). Both subsections use identical language. *Id.*

Sections 541.604(a) and § 541.604(b) differ in how to treat different types of "extras" paid in addition to the base salary. Section 604(a) allows additional **non-time-based** pay (such as commissions) and pay for hours worked "**beyond the normal workweek**" (i.e., for hours above 40 in a workweek) without requiring a reasonable relationship between the salary and the total compensation. *See* 29 C.F.R. § 541.604(a) (allowing compensation in addition to salary for "commissions on sales," "a percentage of the sales or profits," or additional pay paid "on any basis" for hours worked "beyond the normal workweek.").

Section 541.604(b) applies **only** when a salaried employee's extra compensation (above and beyond their base salary) is based on **time worked**. As 29 C.F.R. § 541.604(b) explains: "The reasonable relationship requirement applies only if the employee's pay is computed on an hourly, daily or shift basis." 29 C.F.R. § 541.604(b). It does not apply if the extra compensation is paid on some other non-time basis (such as a percentage of store profits or commission). Section 541.604(b) specifically requires the employment arrangement include "a guarantee of at least the minimum weekly required amount paid on a salary basis" (*i.e.*, a base salary) "that is paid regardless of the number of hours, days or shifts worked." 29 C.F.R. § 541.604(b).

DDs were paid on a day rate basis plus a relatively modest "salary." Under the controlling regulations, their extra pay is time-based. 29 C.F.R. § 541.604(b). Thus, the question is "whether [their] guaranteed weekly salary … has a 'reasonable relationship' with [their] 'usual earnings' for the purposes of determining whether [they are] paid a salary[.] Opinion Letter Fair Labor Standards Act (FLSA), 2018 WL 5921453, at *1.

### G. Schlumberger Fails the "Reasonable Relationship" Test.

While Schlumberger's pay plan included a salary above the regulatory minimum, that alone is not enough. Schlumberger's day-rate plus salary fails the "reasonable relationship" test required for a valid "salary basis" plan. Part of an exempt employee's compensation can be "computed on an hourly, a daily or a shift basis" if, but only if, "the employment arrangement also includes a guarantee of at least the minimum weekly required amount paid on a salary basis regardless of the number of hours, days or shifts worked, **and** a reasonable relationship exists between the guaranteed amount and the amount actually earned." 29 C.F.R. § 541.604(b) (emphasis added). As the Department of Labor (DOL) explains:

> For example, if a manager whose actual compensation is determined on a shift or hourly basis usually earns $1,200 per week, the amount guaranteed must be roughly equivalent to $1,200; the employer could not guarantee such an employee only the $684 minimum salary level required. In any week in which the manager performed any work for the employer, the manager would receive at least the guaranteed amount of pay.

*See,* eLaws–FLSASecurity Advisor at https://webapps.dol.gov/elaws/whd/flsa/overtime/cr2.htm#5 In other words, the "guarantee" must bear a reasonable relationship to the amount the employees usually earn for a normally scheduled workweek. *Id.* This is to ensure the employee is really being paid "on a salary basis" (as opposed to hourly or by the day). "Just as dressing a mannequin up in a skirt and blouse does not transform it into a woman, so too masquerading an [day-rate] employee's compensation as a guaranteed salary [] does not transform the compensation scheme into a salary-based plan." *Brock v. Claridge Hotel & Casino,* 846 F.2d 180, 183 (3d Cir. 1988).

7

### H. Salary Basis Is Not Met Where Gross Weekly Earnings Exceed the Salary by 150%.

An employer can pay an employee 50% more than his alleged "salary" based on the time he works without violating reasonable relationship test. 29 C.F.R. § 541.604(b) (2016) ("for example, an exempt employee guaranteed compensation of at least $500 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $150 per shift without violating the salary basis requirement"). The DOL updated this example for the increased minimum salary amount effective January 1, 2020 and preserved the 1.5 (actual earnings) to 1 (salary) ratio. 29 C.F.R. § 541.604(b) (2020). For the 2020 example, the Department used $725 as the "salary" and $210 as the shift amount that could be paid to an employee "who normally works four or five shifts each week … without violating the $684-per-week salary basis requirement." *Id.* The total pay for a four-shift week in the updated example would be $840, which is 1.16 times the $725 salary. The total pay for a five-shift week would be $1,050, which is 1.45 times the $725 salary.

The DOL also explained why a highly compensated employee was **not paid** on a "salary basis" (and was therefore entitled to overtime) when his alleged salary was outweighed by his hourly earnings. DOL Opinion Letter FLSA 2018-25, 2018 WL 5921453 (Nov. 8, 2018). In that case, the worker was paid $2,100/week in "salary" plus $70/hour for hours worked above 30 in a workweek. But given that the employee's normally scheduled workweek was approximately 54 hours, his "usual earnings" were "nearly 1.8-times--close to double--the guaranteed weekly salary" and "materially exceed[ed] the permissible [1.5-to-1] ratios found in the regulations[.]" *Id.* at *2

In other words, "a 1.5-to-1 ratio of actual earnings to guaranteed weekly salary is a 'reasonable relationship' under the regulations." 2018 WL 5921453, at *2; U.S. Dep't of Labor, Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees, 69 Fed. Reg. 22122, 22184 (Apr. 23, 2004) ("if a nurse whose actual compensation is determined on a shift or hourly basis usually earns $1,200 per week, the amount guaranteed must be

8

roughly equivalent to $1,200.").[5] But Schlumberger's "salary plus day rate" pay plan resulted in 93% of the DDs in this case having ratios ranging from a **low** of 1.811-to-1 to a mind-bending **6.469-to-1**. Schlumberger's "token" salary does not meet the requirement for payment on a "salary basis."

Again, without the reasonable relationship check, "an employer could establish a pay system that calculated exempt employees' pay based directly upon the number of [days] they work multiplied by a set [daily] rate of pay; employees could routinely receive weekly pay of $1,500 or more and yet be guaranteed only the minimum required $455[.] … Such a pay system would be inconsistent with the salary basis concept and the salary guarantee would be nothing more than an illusion." 69 FR 22122-01. So where most of an employee's compensation comes from the number of days worked, the employee is not considered to be paid on a "salary basis." *Id.*; *Michigan Ass'n of Governmental Employees v. Michigan Dep't of Corr.*, 992 F.2d 82, 84 (6th Cir. 1993) ("employees are not paid on a salary basis if the predetermined amount is so far below their actual compensation (calculated on an hourly[, a daily, or a shift] basis) that the minimum is "nothing more than an illusion."); *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 371 (7th Cir. 2005) (agreeing with *Michigan Governmental Employees*).

### I. All DDs With a Total Compensation to Salary Ratio of 1.60 or Greater Are Entitled to Summary Judgment as a Matter of Law.

128 of the 135 DDs in this matter have a total compensation to salary ratio of 1.60 or greater (125 have ratios higher than 1.8, and 119 have ratios higher than 2-to-1). *See* Ex 2. Based upon the DOL's interpretation of its own "reasonable relationship" test, a total compensation to salary ratio of 1.60 or higher fails the reasonable relationship test as a matter of law. Again, since 2004, the legislative regulations implemented by the Department of Labor have required a ratio of 1.5 to 1 when

---

[5] *See also Brown v. Aleris Specification Alloys, Inc.*, 2016 WL 1183207, at *2, *4 (N.D. Ind. Mar. 28, 2016) (finding a "reasonable relationship" when employee's actual earnings did not exceed approximately 1.4 times the guaranteed salary); *Hass v. Behr Dayton Thermal Prods., LLC*, 2008 WL 11351383, at *13 (S.D. Ohio Dec. 22, 2008) (finding a "reasonable relationship" when actual earnings were approximately 1.3 times the guaranteed salary.").

comparing the employee's "usual earnings" to the alleged salary. 29 C.F.R. § 541.604(b) (2004). When the DOL recently increased the minimum weekly salary required for the salary basis, it updated its reasonable relationship example: "Thus, for example, an exempt employee guaranteed compensation of at least $725 for any week in which the employee performs any work, and who normally works four or five shifts each week, may be paid $210 per shift without violating the $684-per-week salary basis requirement." 29 C.F.R. § 541.604(b) (2020). The actual earnings for both a four and a five shift week yield a ration under 1.5-to-1 when compared to the guaranteed salary.

The Department of Labor's use of $210 for an employee who typically works four or five shifts per week is quite specific. It explicitly excludes an employee who typically works a six-shift week, since that would generate a total compensation to salary ratio of 1.74-to-1 ($210 * 6 shifts = $1260, $1260 actual earnings / $725 "salary" = 1.74 ratio). Even if there is some "play in the joints" 1.5-to-1, ratios of 1.6 (and certainly 1.8) or greater fail the "reasonable relationship" test and, thus, the salary basis requirement. All 128 of the 135 DDs in this matter with a total compensation to salary ratio of 1.6 or greater are, therefore, entitled to summary judgment as to Schlumberger's exemption defenses as a matter of law.

4. **CONCLUSION**

For the reasons set forth in detail herein, all DDs with a total compensation to salary ratio of 1.6 or greater are entitled to summary judgment on Schlumberger's Affirmative Defenses relating to its exemption defenses.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
    Richard J. (Rex) Burch
11 Greenway Plaza, Suite 3025
Houston, TX 77046
Email: rburch@brucknerburch.com

Michael A. Josephson, Esq.
Andrew Dunlap, Esq.
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Email: mjosephson@mybackwages.com
Email: adunlap@mybackwages.com

Kenneth W. DeJean, Esq.
**Law Offices of Kenneth W. DeJean**
P.O. Box 4325
Lafayette, LA 70502
Email: kwdejean@kwdejean.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that this document was filed using the Court's ECF electronic filing system, which constitutes service on all counsel of record under the rules of this Court.

    **/s/ Rex Burch**
Richard J. (Rex) Burch