UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BROCK BOUDREAUX, KHALED BARAKE, and MICHAEL AINSWORTH, Individually and On Behalf of All Others Similarly Situated, <br><br> v. <br><br> SCHLUMBERGER TECH CORP. | § Docket No. 6:14-cv-02267-RRS-CBW <br> § <br> § <br> § JUDGE ROBERT SUMMERHAYS <br> § <br> § <br> § <br> § <br> § |

PLAINTIFFS' REPLY IN SUPPORT OF SUMMARY JUDGMENT
REGARDING SCHLUMBERGER'S EXECUTIVE EXEMPTION DEFENSE
AS TO NON-LEAD DDs

**1.   INTRODUCTION**

STC primarily complains Plaintiffs' Motion for Partial Summary Judgment should be denied because Plaintiffs do not specifically name the plaintiffs it applies to. But STC consistently identified "non-lead DDs" or "second DDs" (also known "night shift" DDs) as a separate, identifiable group of plaintiffs. It cannot now (years later) complain that non-lead DDs or second DDs is an undefined, vague, and amorphous term.

**2.   PLAINTIFFS CLEARLY IDENTIFIED THE SINGLE UNDISPUTED FACT NECESSARY FOR THIS MOTION**

STC argues Plaintiffs failed to attach an appropriate Statement of Undisputed Facts to its Motion and thus, failed to direct this Court to any evidence showing the lack of a genuine material fact. But regardless of whether the wrong Statement of Undisputed Facts was inadvertently submitted, Plaintiffs' Motion clearly lays out the single, **undisputed fact** necessary to support this Motion: STC's admission that non-lead DD's do not supervise two or more employees. ECF No. 560 at PageID # 10417-18. Additionally, Plaintiffs attached as an exhibit to their Motion the relevant portion of the transcript of STC's 30(b)(6) representative containing this admission. ECF

1

No. 560-1. STC cannot genuinely argue that Plaintiffs' Motion did not clearly identify this undisputed fact or that it did not know Plaintiffs relied on it to support their Motion.

3. **STC CONSISTENTLY IDENTIFIED NON-LEAD DDS AS A DISTINCT GROUP**

STC argues that, because Plaintiffs have not identified the specific DDs to which this Motion applies, any order issued by this Court on this Motion would amount to nothing more than an advisory opinion. But STC consistently identified non-lead DD plaintiffs as a separate, identifiable group. *See* ECF No. 368-5 at ¶¶ 8-9 (Declaration of STC Human Resource Manager Ian Henkes); ECF No. 368-6 at PageID # 4810 (STC Discovery Responses); ECF No. 538-1 at PageID # 7997 ("lead DDs had greater authority and skill than non-lead DDs"), 8001 ("lead DD has important separate and distinct duties compared to junior DDs"), 8008 ("Lead DDs have managerial duties that second DDs . . . simply do not have"); 560-1 at PageID # 10422 (STC's 30(b)(6) rep admitting second DDs do not supervise two or more employees).

STC cannot deny this Motion applies to multiple Plaintiffs. *See, e.g.,* ECF No. 580-1 at Page ID# 12084 (Davis worked "primarily" as a night shift DD); 582-2 at PageID # 12160 (Hani Anklis worked primarily as "night shift DD"). An order from this Court granting this Motion will establish the Executive Exemption cannot be applied to what STC admits is an identifiable group of Plaintiffs (even if they must be "named" at a later time).

4. **THIS COURT SHOULD NOT DENY PLAINTIFFS' MOTION AS "UNTIMELY"**

STC argues that Plaintiffs' motion should be dismissed because it was filed on Monday, May 19, 2021, when the Court had set the deadline for the filing of such motions on Saturday, May 17, 2021. ECF No. 575 at PageID # 11736. Plaintiffs' counsel simply applied FRCP 6 (even if mistakenly) to extend a Saturday filing deadline to the following Monday.

This Court is not required to deny Plaintiffs' motion under these facts. The "Fifth Circuit disfavors defaults when, as here, the [defendant] does not allege more than violation of a procedural

2

time requirement." *InProcessOut, LLC v. World Tech Toys, Inc.*, No. CV SA-18-CA-0869-FB, 2019 WL 6048020, at *3 (W.D. Tex. June 14, 2019) (finding Rule 6 did not apply but still accepting the filing). "Based on defendant's pleadings, the Court finds that its one day delay in filing its motion to dismiss was not willful but as a result of an incorrect interpretation of Rule 6." *Id.* at *2.

Again, the Court is already grappling with these issues in the flood of summary judgment motions filed by STC. It makes little sense for the Court to reject a motion which, based on undisputed facts, will cleanly and clearly reduce the work for the Court by eliminating one exemption altogether for a large group of plaintiffs.

Respectfully submitted,

**/s/ Kenneth W. DeJean**
Kenneth W. DeJean, Esq.
**Law Offices of Kenneth W. DeJean**
P.O. Box 4325
Lafayette, LA 70502
Email: kwdejean@kwdejean.com

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
    Richard J. (Rex) Burch
11 Greenway Plaza, Suite 3025
Houston, TX 77046
Email: rburch@brucknerburch.com

Michael A. Josephson, Esq.
Andrew Dunlap, Esq.
**Josephson Dunlap Law Firm**
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Email: mjosephson@mybackwages.com
Email: adunlap@mybackwages.com

**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that this document was filed using the Court's ECF electronic filing system, which constitutes service on all counsel of record under the rules of this Court.

                                            **/s/ Rex Burch**
                                            Richard J. (Rex) Burch