## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **BROCK BOUDREAUX, KHALED BARAKE, and MICHAEL AINSWORTH, Individually and on Behalf of All Others Similarly Situated,** | * * * * * | **CASE NO. 6:14-cv-02267** |
| **v.** | * * * | **JUDGE ROBERT SUMMERHAYS** |
| **SCHLUMBERGER TECHNOLOGY CORPORATION** | * * | **MAGISTRATE JUDGE WHITEHURST** |

### DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN CONNECTION WITH ITS PENDING MOTIONS FOR SUMMARY JUDGMENT AND DECERTIFICATION

Schlumberger Technology Corporation ("Defendant" or "STC") submits its Notice of Supplemental Authority in Connection with Its Pending Motions for Summary Judgment and Decertification to bring to the Court's attention two recent decisions that address issues presented in the Motions.

"[A] notice of supplemental authority [is] commonly used in the federal court system to alert the Court to a decision of another court issued after the close of the briefing period."[1] STC submits this Notice of Supplemental Authority to bring two (2) recent decisions to the Court's attention: *Hewitt v. Helix Energy Solutions Group, et al.*, No. 19-20023, -- F.4th --, 2021 WL 4099598 (5th Cir. Sept. 9, 2021) (5th Cir. Sept. 9, 2021) (*en banc*), and *Sonnier v. ReCon Management Services Inc.*, Case No. 2:20-cv-00002, 2021 WL 4067224 (W.D. La. Sept. 7, 2021), both of which were issued after the briefing in connection with the Motions closed.[2]

---

[1]     *Sisk v. Abbott Labs.*, 1:11 CV 159, 2012 WL 1164559, at *1 (W.D.N.C. Apr. 9, 2012).
[2]     A copy of the Fifth Circuit's decision in *Hewitt* is attached as Exhibit 1 and a copy of the Western District of Louisiana's decision in *Sonnier* is attached as Exhibit 2.

I.    ***Hewitt v. Helix Energy Solutions Group* Supports the Conclusion that the Reasonable Relationship Test is Inapplicable to Plaintiffs' Method of Compensation.**

On September 9, 2021, the Fifth Circuit issued its *en banc* decision in *Hewitt*.  By way of background:  in *Hewitt*, the plaintiff was paid a day rate only without a guaranteed amount that he would be paid each week.[3]  The Fifth Circuit held that the plaintiff was not paid on a salary basis as defined by 29 C.F.R. § 541.602(a) or 541.604(b).[4]  While the facts presented in *Hewitt* are distinguishable, portions of the Fifth Circuit's decision are directly applicable to the Motions.

Plaintiffs' main argument in response to the Motions is that Plaintiffs were not paid on a salary basis because they allege a portion of their compensation was calculated on a daily basis.[5]  Thus, they argue, Plaintiffs' compensation must satisfy the requirements of 29 C.F.R. § 541.604(b) and, specifically, the reasonable relationship test which Plaintiffs assert is not met.  The Fifth Circuit's analysis in *Hewitt*, however, negates Plaintiffs' argument.

One of the issues analyzed by the Fifth Circuit was whether the reasonable relationship test contained in 29 C.F.R. § 541.604(b) applies to an employee who satisfies the total compensation threshold for the Highly Compensated Employee exemption (the "HCE").[6]  The Fifth Circuit held that it does for Hewitt, whose entire compensation was a day rate.  But, analyzing whether its decision creates a circuit split with the First and Second Circuits, the Fifth Circuit noted a key difference between the *Hewitt* plaintiff and the plaintiffs in the First and Second Circuit decisions showing that *Hewitt*, according to the Fifth Circuit, does not create a circuit split.[7]  That analysis and the Fifth Circuit's statement that a circuit split does not exist undermines Plaintiffs' arguments regarding the reasonable relationship test's application to the pending Motions.

---

[3]    Exhibit 1, at *3
[4]    *Id.* at *3-*9.
[5]    *See e.g.*, R. Doc. 577, at pp. 5-8.
[6]    *Hewitt*, 2021 WL 4099598 at *6-*7.
[7]    *Id.*

2

In *Anani v. CVS RX Services, Inc.*,[8] and *Litz v. Saint Consulting Group, Inc.*[9], the Second and First Circuits, respectively, held that the requirements of 29 C.F.R. § 541.604 do not have to be satisfied by an employee meeting the requirements of the HCE.[10]  In both *Anani* and *Litz*, the plaintiffs argued that they were not paid on a salary basis because the reasonable relationship test was not met.[11]  The Fifth Circuit stated that "there is no actual conflict" between its decision and *Anani* and *Litz* because those cases "involve pay calculated 'on a weekly, or less frequent basis'— not pay 'computed on … a daily … basis."[12]  Rather, the *Litz* plaintiff was "guaranteed a minimum weekly salary of $1,000 whether they bill[ed] any hours or not" and the *Anani* plaintiff's "base weekly salary was guaranteed, i.e. to be paid regardless of the number of hours … actually worked."[13]  The Fifth Circuit also noted that the Sixth Circuit distinguished *Litz* and *Anani* for the same reason in *Hughes v. Gulf Interstate Field Servs., Inc.* when it noted that "*Anani* and *Litz* involved plaintiffs who … were undisputedly guaranteed *weekly* base salaries above the qualifying level."[14]

Here, unlike *Hewitt*, Plaintiffs were paid a guaranteed weekly salary regardless of the number of hours actually worked.  Plaintiffs admit that this is the case.  Additionally, Plaintiffs received additional compensation in the form of job bonuses that were calculated based on days billable to STC's customer.  Compare that with the method by which the *Anani* plaintiffs were paid: a base salary based on a forty-four hour work week and additional compensation based on

---

8        730 F.3d 146 (2d Cir. 2013).
9        772 F.3d 1 (1st Cir. 2014).
10       *Hewitt*, 2021 WL 4099598 at *7.
11       *Litz*, 772 F.3d at 5 (stating that plaintiffs argued that their salary "be reasonably related to plaintiffs' actual pay of more than $3,000 per week."); *Anani*, 730 F.3d at 148-149 ("Appellant's argument is based on Subsection 604(b)'s condition that 'a reasonable relationship exist[ ] between the guaranteed amount and the amount actually earned.'").
12       *Hewitt*, 2021 WL 4099598 at *7.
13       *Id.* *6-*7 (quoting *Litz*, 772 F.3d at 2; *Anani*, 730 F.3d at 148) (emphasis removed).
14       *Id.* (quoting *Hughes v. Gulf Interstate Field Srvs., Inc.*, 878 F.3d 183, 189-90 (6th Cir. 189-90)).

the number of hours worked over forty-four hours in a week.[15]  Moreover, compare Plaintiffs'
method of compensation with the method by which the *Litz* plaintiffs were paid:  a guaranteed
weekly amount regardless of the number of hours worked and then an hourly amount for all hours
worked that would result in the weekly pay exceeding the guaranteed amount.[16]  There is no
discernable difference between the method by which STC paid Plaintiffs and the pay practices at
issue in *Anani* and *Litz*.

By distinguishing the pay practices at issue in *Anani* and *Litz*, the Fifth Circuit held that
the requirements of 29 C.F.R. 541.604(b) do not apply when an employee (like Plaintiffs) is paid
a set weekly amount regardless of the number of hours worked and additional compensation—
even if that additional compensation is calculated by reference to a unit of time.  The Fifth Circuit's
ruling in *Hewitt* renders Plaintiffs' reasonable relationship argument null and void as a matter of
law.

## II.     *Sonnier v. ReCon Management Services Inc.* Supports STC's Motion for Decertification.

In *Sonnier*, the plaintiff alleged that he was paid pursuant to a "straight time for overtime"
pay practice and did not receive time-and-a-half his regular rate of pay for hours worked over 40.[17]
After the court conditionally certified a collective action, the defendant moved to decertify.[18]  In
opposition to the defendant's motion to decertify the collective action, the plaintiffs made, among
others, the same argument as presented by Plaintiffs in opposition to STC's pending Motion for

---

[15]      *Anani*, 730 F.3d at 147.
[16]      *Litz*, 772 F.3d at 2.  The First Circuit provided an example of how this pay practice worked: "if a project manager billed 10 hours at a $50 hourly rate, or $500, she would still receive $1,000 in pay for that week.  If she instead billed 60 hours, she would simply receive $3,000, or 60 times $50."  *Id.*
[17]      2021 WL 4067224, at p. 1.  To note, plaintiffs' counsel in *Sonnier* are the same as here.
[18]      *Id.*

Decertification:  collective action treatment was proper because the defendant's pay practice did not satisfy the salary basis requirements of the FLSA exemptions.[19]

As part of its reasoning in granting the motion to decertify and with respect to the salary basis argument specifically, the court stated as follows:

> ReCon will have to prove that it paid a salary and that any deductions taken were permissible under the FLSA.  29 C.F.R. § 541.602.  As noted by ReCon, Opt-in Plaintiffs have requested as relevant, documents in excess of 70,000 pages.  In their Motion to Compel, Opt-In Plaintiffs maintain that these documents are relevant to show they were subject to improper deductions, or as Opt-in Plaintiffs explain— "to test the merits of its [ReCon's] pay practice against the salary basis requirements of the FLSA."  *This alone persuades the Court that there are significant and highly individualized inquiries as to each Opt-in Plaintiff's salary and any alleged impermissible deductions.*[20]

The same concerns and the required individualized inquiries as to each Plaintiff with respect to the salary basis issue supports decertification here also.  Opposing a number of the summary judgment motions with respect to individual Plaintiffs and in their own motion for summary judgment as to STC's affirmative defenses, Plaintiffs presented self-generated spreadsheets which allegedly show individual weeks when Plaintiffs did not receive their full salary and argued that the spreadsheets showed that STC could not satisfy the salary basis requirement of the exemptions.  Like in *Sonnier*, the exercise of determining if Plaintiffs were paid on a salary basis will require highly individualized week by week inquiries for each Plaintiff.  For example, why did a Plaintiff not receive her or his full salary in a specific week?  Was the deduction for his or her salary proper or improper?

---

[19]     Plaintiffs' Opp. To Defendant's Motion for Decertification, Case No. 2:20-cv-00002, R. Doc. 125, pp. 8-12. A copy of the plaintiffs' opposition is attached as Exhibit 3.

[20]     *Sonnier*, 2021 WL 4067224, at p. 5 (footnote omitted) (emphasis added).

Like in *Sonnier*, these are questions for which a class wide resolution cannot be made based on representative evidence.  Rather, individualized inquiries must be made with respect to each Plaintiff thereby making collective action treatment improper.

For the reasons set out in the Motion, supporting memorandum, reply, and the Fifth Circuit's decision in *Hewitt*, and the Western District of Louisiana's analysis in *Sonnier*, the Court should grant STC's Motions.

Respectfully submitted,

/s/Robert P. Lombardi
Samuel Zurik III (LA Bar #24716
Robert P. Lombardi (LA Bar #26387)
**THE KULLMAN FIRM, P.L.C.**
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4189
E-Mail: sz@kullmanlaw.com
E-Mail: rpl@kullmanlaw.com

and

Kelly Reese (admitted *pro hac vice*)
**THE KULLMAN FIRM, P.L.C.**
63 S. Royal Street
1100 Riverview Plaza
Mobile, AL 36602
Telephone: (251) 432-1811
Facsimile: (251) 433-1230
E-Mail: kr@kullmanlaw.com

**ATTORNEYS FOR DEFENDANT, SCHLUMBERGER TECHNOLOGY CORPORATION**