UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **BROCK P BOUDREAUX ET AL** | **CASE NO. 6:14-CV-02267** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SCHLUMBERGER TECHNOLOGY CORP** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### MEMORANDUM RULING

Presently before the Court is the Plaintiffs' Motion for Partial Summary Judgment Regarding Schlumberger's Affirmative Defense of the Executive Exemption as to Non-Lead DDs [ECF No. 559]. Schlumberger Technology Corporation ("Defendant") opposes the motion.

### I.
### BACKGROUND

On July 8, 2014, Plaintiffs Brock Boudreaux and Khaled Barake filed the present collective action against Defendant asserting claims for unpaid overtime on behalf of Measurement While Drilling Operators ("MWDs") and Directional Drillers ("DD's").[1] On December 4, 2014, an amended complaint was filed by Boudreaux and Barake, joined by Michael Ainsworth.[2] Defendant filed an answer asserting various affirmative defenses.[3] On February 25, 2015, an order granting conditional certification was entered which established two classes, namely MWDs and DDs.[4] The parties subsequently settled the claims of the MWD class.[5] The litigation has continued as to the DD class.

---

[1] ECF No. 1.
[2] ECF No. 27.
[3] ECF No. 29.
[4] ECF No. 52.
[5] ECF No. 436.

In the present motion, Plaintiffs seek an order that one of the affirmative defenses asserted by Defendant, namely the Executive Exemption, does not apply to certain unnamed plaintiffs referred to as "non-lead DDs." Plaintiffs argue that "non-lead DDs" do not supervise two or more employees, and therefore do not meet one of the requisite elements of the executive exemption. Defendant argues that Plaintiffs have not established which Plaintiffs would fall into the category of "non-lead DDs" and thus summary judgment is not appropriate.

## II.
## LAW AND ANALYSIS

### A.   Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[6] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[8] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[9]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and

---

[6] Fed. R. Civ. P. 56(a).
[7] Id.
[8] Quality Infusion Care, Inc. v. Health Care Service Corp., 628 F.3d 725, 728 (5th Cir. 2010).
[9] Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).

2

should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[10] "Credibility determinations are not part of the summary judgment analysis."[11] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[12]

B.  **Executive Exemption.**

As one of its affirmative defenses, Defendant asserts that "[p]laintiffs and/or members of the putative class are exempt employees under the executive exemption as they regularly direct other employees."[13] One of the required elements to establish the executive exemption defense is that the employee "customarily and regularly directs the work of two or more other employees."[14] "The phrase 'customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks."[15]

Defendant designates certain DDs as "lead DDs."[16] There is also a distinction in job duties between "lead DDs" and what are sometimes referred to as "secondhand DDs"[17] and sometimes

---

[10] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[11] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[12] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).
[13] ECF No. 29.
[14] 29 C.F.R. § 541.100(a)(3).
[15] 29 C.F.R. § 541.701.
[16] *See* Exhibit 1 to ECF No 560, Van Vliet Depo II at pp. 119-21.
[17] *Id.*

simply as "non-lead DDs." Plaintiffs seek a ruling that, as a matter of law, Defendant cannot establish that "non-lead DDs" direct the work of two or more other employees.

Plaintiffs are not seeking a ruling that the executive exemption does not apply to the entire defined class, nor are they seeking a ruling that the executive exemption does not apply to specific individuals. Plaintiffs have not named which members of the class fall within the category of "non-lead DDs" nor have they attempted to define the parameters to define this group of employees. It is unclear whether the designation of an employee as a "lead DD" is a designation given for a specific job or if an employee is designated as a "lead DD" for all purposes. Further, if an employee was designated as a "lead DD" by Defendant for all purposes, are Plaintiffs seeking a ruling as to all DDs who were not designated as such, or are "non-lead DDs" yet another subclass of DDs?

Without knowing how precisely this subclass of "non-lead DDs" is defined, the Court cannot examine their job duties to determine whether or not they customarily and regularly direct the work of two or more other employees. Without determination, the Court cannot make a finding as to whether the executive exemption applies to these employees. Accordingly, the Court concludes that there is a genuine question of material fact with regard to the application of the executive exemption to the group of Plaintiffs referred to as "non-lead DDs." For that reason, Plaintiffs' Motion for Partial Summary Judgment Regarding Schlumberger's Affirmative Defense of the Executive Exemption as to Non-Lead DDs [ECF No. 559] is DENIED.

THUS DONE in Chambers on this 24th day of March, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE