## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**BROCK P BOUDREAUX ET AL**          **CASE NO.  6:14-CV-02267**

**VERSUS**                                         **JUDGE ROBERT R. SUMMERHAYS**

**SCHLUMBERGER TECHNOLOGY CORP**  **MAGISTRATE   JUDGE   CAROL   B. WHITEHURST**

### MEMORANDUM RULING

Presently before the Court is the Motion for Summary Judgment Regarding California State Law Claims Asserted by Opt-In Plaintiffs [ECF No. 528] filed by Schlumberger Technology Corporation ("Defendant"). Plaintiffs oppose the motion.

### I.
### BACKGROUND

On July 8, 2014, Plaintiffs Brock Boudreaux and Khaled Barake filed the present collective action against Defendant asserting claims for unpaid overtime on behalf of Measurement While Drilling Operators ("MWDs") and Directional Drillers ("DD's").[1] On December 4, 2014, an amended complaint was filed by Boudreaux and Barake; that complaint added Michael Ainsworth as a plaintiff.[2] Defendant filed an answer asserting its affirmative defenses.[3] In both the complaint and amended complaint, Plaintiffs alleged violations of the Fair Labor Standards Act[4] ("FLSA"), as well as specific California state statutes. Plaintiff Khaled Barake is the only named plaintiff who

---

[1] ECF No. 1.
[2] ECF No. 27.
[3] ECF No. 29.
[4] 29 U.S.C. § 203, et seq.

specifically alleges grounds for a California state law claim. However, Barake's claims were settled as part of the settlement of the MWD class. Plaintiffs sought and obtained conditional certification of the FLSA claims under 29 U.S.C. § 216(b).[5] On February 25, 2015, the Court entered an order granting conditional certification pursuant to Section 216(b). This order established two classes: MWDs and DDs.[6] The parties subsequently settled the claims of the MWD class.[7] The litigation has continued as to the DD class. Plaintiffs never sought class certification under Rule 23 of the Federal Rules of Civil Procedure with respect to the California state law claims. Defendants contend that the plaintiffs who opted into the FLSA collective action under Section 216(b) are not parties to (nor can they bound by) the California state claims merely by opting into the collective action.

## II.
### LAW AND ANALYSIS

### A.    Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[8] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[10] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues

---

[5] *See* ECF No. 33 and 52.
[6] ECF No. 52.
[7] ECF No. 436.
[8] Fed. R. Civ. P. 56(a).
[9] *Id.*
[10] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[11]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[12] "Credibility determinations are not part of the summary judgment analysis."[13] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[14]

### B.    Can Opt-In Plaintiffs Assert California State Law Claims?

Defendant seeks a ruling on summary judgment that the plaintiffs who opted into the case under the conditional certification order (the "Opt-In Plaintiffs") cannot assert the California state law claims asserted in the amended complaint. Defendant argues that the conditional certification order entered under Section 216(b) only addresses Plaintiffs' *FLSA claims* and not Plaintiffs' California state law claims. Defendant argues that the Opt-In Plaintiffs did not consent to joining in those claims. Defendants then argue that only the originally named Plaintiffs can pursue these state claims because Plaintiffs did not seek class certification of these claims under Rule 23 of the Federal Rules of Civil Procedure. Accordingly, the Opt-In Plaintiffs cannot assert these claims

---

[11] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[12] *Roberts v. Cardinal Servs.,* 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.,* 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[13] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.,* 308 F.3d 451, 458 (5th Cir. 2002).
[14] *Patrick v. Ridge,* 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett,* 477 U.S. 317, 322 (1986)).

based only on the Section 216(b) conditional certification order and the "Consent to Become a Party" forms filed by the Opt-In Plaintiffs. The Court agrees.

Plaintiffs essentially argue that once an Opt-In Plaintiff filed the necessary consent form, they opted into the case for all purposes and can assert any claim raised in the amended complaint, including the California state law claims. This argument is inconsistent with Section 216(b) of the FLSA, the notice provided to the Opt-In Plaintiffs, and the consent forms filed by these plaintiffs. Section 216(b) of the FLSA creates an opt-in procedure specifically for FLSA claims. When an FLSA case is conditionally certified under Section 216(b), plaintiffs can elect to opt into the FLSA action as a party to that action, and thus agree to be bound by any decisions in the case. Here, the notice sent to the Opt-In Plaintiffs is titled "Fair Labor Standards Act Lawsuit Filed Against Schlumberger Technology Corporation," and the introduction of the notice states:

> This Notice is to inform you of a collective action lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), a federal law that requires overtime pay to certain employees. You have the right to participate in this suit, and this Notice explains how you may do so if you so choose.[15]

There is no reference to the Opt-In Plaintiffs asserting or being bound by any state law claims in that notice. [16] The "Consent to Become Party Plaintiff" forms filed by the Opt-In Plaintiffs also indicate that their consent is limited to the FLSA claims only. This form—which was attached to the notice and signed by each Opt-In Plaintiff—states "I hereby authorize the filing and prosecution of the above-styled *Fair Labor Standards Act action* in my name and on my behalf by the above representative Plaintiffs."[17] There is no indication in the record that the Opt-In Plaintiffs were aware that the present action included non-FLSA claims, much less that they

---

[15] *Id.*
[16] ECF No. 53.
[17] *Id.* (emphasis added).

consented to have those claims addressed in the present action. Accordingly, to assert these claims on behalf of the Opt-In Plaintiffs, Plaintiffs must follow the procedures for class certification under Rule 23 of the Federal Rules of Civil Procedure—which they have not done.

The jurisprudence also does not support Plaintiffs' position. Courts addressing hybrid cases have generally treated FLSA and non-FLSA claims differently by conditionally certifying a collective action under Section 216(b) for the plaintiffs' FLSA claims and certifying (or requiring certification) of a class under Rule 23 for the non-FLSA state claims.[18] Defendant also cites two cases—*Helmert v. Butterball, LLC*[19] and *Merrill v. Pathway Leasing LLC*[20]—that expressly hold that opt-in plaintiffs are not parties to the state law claims asserted in a hybrid action solely by virtue of filing a consent form and opting into the Section 216(b) collective action. In *Merrill*, the court reviewed the Section 216(b) notice and consent forms submitted by the opt-in plaintiffs and ruled that they were not sufficiently broad to cover state law claims.[21]

In contrast, the cases cited by Plaintiffs are distinguishable. In *Muecki v. A-Reliable Auto Parts & Wreckers,*[22] the court ruled that the opt-in plaintiffs in that case could assert non-FLSA claims without certifying a Rule 23 class for those claims. However, there, the court found that a Rule 23 opt-out class encompassing the non-FLSA state law claims would be much broader than the much smaller group of Section 216(b) plaintiffs who opted into the FLSA action and that requiring class certification would greatly expand the scope of the case.[23] That is not the case here.

---

[18] *See Amezguita v. Dynasty Insulation, Inc.*, 2012 WL 12973895 (D.N.M. Feb. 23, 2012)*; Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 n.1 (3d Cir. 2018); *Gonzalez v. Nicholas Zito Racing Stable Inc.*, 2008 WL 941643 (E.D. N.Y. Mar. 31, 2008); *Ansoumana v. Gristede's Operating Corp.*, 20 F.R.D. 81 (S.D. NY 2001).

[19] No. 08-CV-00342, 2010 WL 11530649 (E.D. Ark. May 27, 2010).

[20] No. 16–cv–02242, 2018 WL 3032553 (D. Colo. June 6, 2018).

[21] *Id.; see also Baricuatro v. Indus. Pers. & Mgmt. Servs., Inc.*, 2013 WL 6072702, at *15 (E.D. La. 2013) (illustrating Rule 23 certification is separate from certification under the FLSA); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F. Supp.2d 173, 183 (D. Mass. 2008) (explaining that certification under the FLSA may not be used as a substitute for claims arising under a statute without a similar opt-in provision).

[22] No. 01-C-2361, 2002 WL 1359411 (N.D. Ill. June 21, 2002).

[23] *Id.* at *2.

Unlike in *Muecki*, Plaintiffs' California state law claims pertain to a much smaller, undefined sub-set of potential opt-in plaintiffs.[24] The *Muecki* decision did not address whether the Section 216(b) notice and consent form in that case was sufficiently broad to include non-FLSA claims. Other cases cited by Plaintiffs do not involve hybrid actions and thus address only whether an opt-in plaintiff who opts into an FLSA action opts into the collective action with respect to individual FLSA claims or the collective action as a whole. For example, *Prickett v. DeKalb*[25] involved only FLSA claims. There, the court held that "the language of the consent forms that the opt-in plaintiffs signed in this case indicates that they consented to have the named plaintiffs adjudicate all of their claims for overtime compensation ***under FLSA***, not merely the claims then specified in the complaint."[26] In other words, plaintiffs who opt into an FLSA collective action under Section 216(b) do not opt into the action on a claim-by-claim basis; by opting in, they can assert ***all*** FLSA claims, including FLSA claims later added to the complaint by amendment.

In sum, the Section 216(b) notice and consent forms here are not sufficiently broad to encompass Plaintiffs' California state claims. Accordingly, the Opt-In Plaintiffs did not become parties to (and cannot be bound by) those claims solely by opting into the FLSA collective action under Section 216(b). Because the only named plaintiff who alleged California state law claims—Khalid Barake—was dismissed from the case and the Court has not certified a Rule 23 class with respect to the state law claims, the Court concludes that the California state law claims asserted in the case must be dismissed. For that reason, the Motion for Summary Judgment Regarding

---

[24] It is unclear whether Plaintiffs have identified any current Opt-In Plaintiffs who have grounds to assert a California state law claim. The only named plaintiff who specifically alleged grounds for a California state law claim—Khalid Barake—settled and was dismissed from the case. *See* ECF No. 464.
[25] 349 F.3d 1294 (11th Cir. 2003).
[26] *Id.* at 1297 (emphasis added).

California State Law Claims Asserted by Opt-In Plaintiffs [ECF No. 528] filed by Defendant is GRANTED.

     THUS DONE in Chambers on this 29th day of March, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE